840 So.2d 672 (2003)
KEN LAWLER BUILDERS, INC., Plaintiff-Appellee,
v.
Cynthia M. DELANEY, et al., Defendants-Appellants.
No. 36,865-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*673 Larry English, Shreveport, Counsel for Defendants-Appellants and Intervenor, Access 1 Communications.
William Lake Hearne, Counsel for Appellee.
Before BROWN, C.J., and GASKINS, and KOSTELKA (Pro Tempore), JJ.
BROWN, C.J.
Plaintiff, Ken Lawler Builders, Inc., filed a petition against defendants, Cynthia M. Delaney and Sandra Richardson Kittler, for damages suffered by reason of the repudiation of a lease, including all rent due under the remaining term of the 10-year lease, legal interest, attorney fees afforded under the lease and all costs of the proceeding. Plaintiff moved for summary judgment, and the matter was submitted on briefs without oral argument. The trial court granted the motion and rendered judgment in favor of plaintiff and against defendants in the amount of $36,750, together with legal interest and all court costs incurred in the proceeding. Although plaintiff had sought attorney fees in its petition, the judgment did not award or mention attorney fees. Access 1, the successor in interest to the lease and the current owner of the property, had intervened in the lawsuit and devolutively appealed the judgment.[1] On appeal, this court amended the judgment to award Lawler the sum of $4,200 and in all other respects affirmed the trial court. See Ken Lawler Builders, Inc. v. Delaney, 36,263 (La.App.2d Cir.08/14/02), 837 So.2d 1.
While the appeal on the summary judgment was pending, plaintiff filed a motion styled as "Motion for Award of Attorney Fees and Examination of Judgment Debtor." *674 Defendants and Access 1 filed a motion to dismiss, alleging that the appeal of the summary judgment divested the trial court of jurisdiction pursuant to La. C.C.P. art. 2088. The court denied the motion to dismiss and awarded $2,625 in attorney fees. Delaney, Kittler, and Access 1 now suspensively appeal this second judgment. We reverse and set aside the attorney fee award.

Discussion
Although plaintiff's petition sought attorney fees, plaintiff did not argue for them in its brief submitted in support of its summary judgment motion. The district court rendered judgment based upon the relief requested in plaintiff's brief. The judgment signed was a final judgment, from which an appeal was granted. Plaintiff did not answer the appeal to assign as error the district court's failure to award attorney fees. Instead, it filed a motion in district court for attorney fees, which motion the district court, based upon its prior decision to enforce the provisions of the lease, granted.
La.C.C.P. art. 2088 provides, in pertinent part, that "the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal...." Plaintiff submits that attorney fees were not a part of the judgment and therefore, not a matter reviewable under the appeal. We do not agree.
The lease agreement provided for the recovery of attorney fees if defendants were shown to have breached the lease. The summary judgment granted by the trial court was based upon a finding that defendants had violated the terms of the lease. Whether the lease was viable and breached was the matter reviewable on appeal. Plaintiff's recovery of attorney fees was part of such a decision. Accordingly, under La.C.C.P. art. 2088, the trial court was divested of jurisdiction. Obviously, judicial economy is thwarted when a district court renders piecemeal judgments based upon the merits of a single claim.
Defendants also argue that the additional award is precluded by res judicata, that is, the authority of the thing adjudged. La.R.S. 13:4231. Summary judgment is a definitive judgment and will support plea of res judicata. Snipes v. Southern Baptist Hospital, 243 So.2d 298 (La.App. 4th Cir.1971). When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment. La.C.C.P. art. 1841; Tolis v. Bd. of Sup'rs of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. A final judgment is conclusive between the parties except on direct review. La.R.S. 13:4231; Tolis, supra.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. La.R.S. 13:4231; La.C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.07/02/96), 676 So.2d 1077; Leon v. Moore, 98-1792 (La.App. 1st Cir.04/01/99), 731 So.2d 502, writ denied, 99-1294 (La.07/02/99), 747 So.2d 20. This promotes judicial efficiency and final resolution of disputes. Id. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. La.R.S. 13:4231; Jackson v. Iberia Parish Government, 98-1810 (La.04/16/99), 732 So.2d 517. Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment. Avenue Plaza, L.L.C., supra.
Identification of issues actually litigated for purposes of determining whether res judicata bars an issue shall be determined *675 not solely from the pleadings but also by examining the entire record in the first suit. Ebey v. Harvill, 26,373 (La. App.2d Cir.12/07/94), 647 So.2d 461.
We conclude that the judgment in this instance was final. All issues related to the breach of the lease were extinguished and merged into the final judgment rendered by the district court. La. R.S. 13:4231(1). As previously stated, neither the record nor the previous judgment rendered indicate any reservation of the attorney fees issue for future adjudication. In this instance, we deem it appropriate to apply the principle that a demand not granted or reserved in the judgment must be considered as rejected. See Soniat v. Whitmer, 141 La. 235, 74 So. 916 (La. 1917). The legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of res judicata against subsequent suit for such part of the demand. Edenborn v. Blacksher, 148 La. 296, 86 So. 817 (1921).

Conclusion
We conclude that, based upon the record presented to us, the district court was divested of jurisdiction to award attorney fees afforded under the lease, and moreover, the issue of attorney fees was merged in the original summary judgment, precluding further litigation of this issue.
Accordingly, the judgment of the trial court awarding attorney fees to plaintiff is reversed, vacated and set aside.
REVERSED, VACATED AND SET ASIDE.
NOTES
[1] Defendant Delaney, who represented Delaney Broadcasting, Inc. ("DBI"), entered into a lease agreement with plaintiff to erect and use a radio tower on land Lawler owned. DBI subsequently sold the tower and its interest in the lease to "Ninety Five Point Seven, Inc.," who in turn assigned it to "Access 1." Plaintiff Lawler sold the property with reservation of its rights to rentals due under the lease to Mary Hutches, who subsequently sold the property to Access 1. Dispute over Lawler's right to continue to collect rent, even though Access 1 now owned the leased land and the tower, resulted in this litigation.