GARRETT, J.
hMarethea Eddens’ claims against her employer, Exceptional Client Care, LLC, were dismissed with prejudice by the workers’ compensation judge (WCJ) in March 2012. Thereafter, she filed a second disputed claim for compensation based on the same incident. The WCJ granted the employer’s peremptory exception of res judicata. The claimant then filed the instant appeal. We affirm.
FACTS
On April 30, 2010, the claimant filed a disputed claim for compensation (Docket No. 10-03997). She alleged that on September 14, 2009, she was employed as a *786 “direct support worker” when she slipped and fell on a wheelchair access ramp while caring for a client. She claimed to have injured her upper body, “including but not limited to, her arms, shoulders, hands, neck and upper back.”
The matter was eventually set for trial on January 3, 2011. However, following a joint motion, it was continued until August 24, 2011. Two days before trial, the defendant sought another continuance, which was denied. Although informed that the continuance had been denied, counsel for both sides failed to appear for trial. The WCJ dismissed the matter without prejudice, subject to the claimant’s right to request reinstatement within 30 |2days for good cause under Rule 5705 of the Workers’ Compensation Administration Hearing Rules.[1]
The claimant moved to reinstate her claim. The WCJ specifically rejected the explanation offered by the lawyers for failing to appear for trial and found the attorneys’ conduct to be “disrespectful and bordering on contempt.” However, the WCJ stated that he would not hold the claimant responsible for the unprofessional conduct of counsel. The WCJ granted the claimant’s motion and reinstated her claim by judgment signed on October 27, 2011. In this judgment, the WCJ reset the case for trial on November 28, 2011.
On November 28, 2011, the WCJ signed a judgment dismissing the claimant’s case without prejudice at her expense. In this judgment, the WCJ observed that while the defendant appeared for trial through its counsel, the claimant failed to appear in person or through counsel. The WCJ further recounted that the claimant’s counsel faxed a letter to the clerk of court on November 23, 2011, stating that the claimant had discharged him. The letter also requested that the matter be removed from the docket on November 28, |<¡2011, and that a status conference be set to advise the claimant of the future handling of the matter. However, the letter was not accompanied by a motion to withdraw or a motion to continue. In view of these facts and the claimant’s failure to appear for trial, the WCJ dismissed the claimant’s suit without prejudice pursuant to Hearing Rule 5705(A)(4), but noted that the claimant was allowed 30 days from the date of judgment to petition for reinstatement under Hearing Rule 5705(C). The claimant was ordered to appear on March 1, 2012, to show cause why the dismissal should not be deemed to be with prejudice, pursuant to Hearing Rule 5705(D).
The claimant was served with notice by certified mail. However, she failed to appear in court on March 1, 2012. Consequently, on that date, the WCJ signed a judgment supplementing the November 28, 2011, judgment to reflect that the matter was dismissed with prejudice at the claimant’s expense.
*787 On September 5, 2012, the claimant filed another disputed claim for compensation (Docket No. 12-06260) based upon the same September 2009 incident. In response, the employer filed a peremptory exception of res judicata. It asserted that the newly filed disputed claim for compensation was barred because the employee’s claims were dismissed with prejudice in the March 1, 2012, judgment.
A hearing on the employer’s exception of res judicata was held on November 1, 2012. The claimant appeared and addressed the WCJ. She asserted that her lawyer walked out on her just days before her November 28, 2011, court date. She further stated that she called “up here” J^and talked to someone who told that she could file her claim again.[2] However, the claimant admitted receipt of the notice to return to court on March 1, 2012, and her failure to comply with that notice. The WCJ explained to the claimant that when she failed to show up on March 1, 2012, the November 2011 judgment was converted to a dismissal with prejudice. The WCJ further informed her that the prior judgments were now final and could not be appealed.
At the conclusion of the hearing, the WCJ granted the employer’s exception. A judgment in conformity with the ruling was signed on December 4, 2012, granting the exception and dismissing the matter with prejudice at the claimant’s costs. On December 11, 2012, the claimant requested written reasons for judgment. In response, the WCJ adopted the oral reasons issued at the hearing.
The claimant filed a request for appeal in Docket No. 12-06260 “due to insufficient representation by [her attorney].” The WCJ granted a devolutive appeal from the judgment rendered on November 1, 2012, and signed on December 4, 2012, which granted the employer’s exception of res judicata. Following a hearing on appeal costs on April 25, 2013, the claimant was subsequently granted leave to proceed in forma pauperis on her appeal.
_]¿LAW
The law of res judicata in Louisiana is set forth in La. R.S. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La. R.S. 13:4232 provides, in relevant part, that a judgment does not bar another action by the plaintiff in three situations:
*788 (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. Ken Lawler Builders, Inc. v. Delaney, 36,865 (La. App.2d Cir.3/5/03), 840 So.2d 672. This promotes judicial efficiency and final resolution of disputes. Ken Lawler Builders, Inc. v. Delaney, supra.
| ^Implicit in the concept of res judi-cata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Ken Lawler Builders, Inc. v. Delaney, supra.
Identification of issues actually litigated for purposes of determining whether res judicata bars an issue shall be determined not solely from the pleadings but also by examining the entire record in the first suit. Ken Lawler Builders, Inc. v. Delaney, supra.
Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment. Ken Lawler Builders, Inc. v. Delaney, supra.
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled. Fox v. Reynolds Indus. Contractors, 44,938 (La.App.2d Cir.1/27/10), 33 So.3d 895, unit denied, 2010-0676 (La.5/28/10), 36 So.3d 250.
Under the law of workers’ compensation, “[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.” La. R.S. 23:1310.8(E); Frye v. Mills, 45,557 (La. App.2d Cir.9/22/10), 47 So.3d 1155, writ not considered, 2010-2624 (La.1/28/11), 56 So.3d 976; Fox v. Reynolds Indus. Contractors, supra.
DISCUSSION
In her brief to this court, the unrepresented claimant argues only the merits of her workers’ compensation claim and fails to address the res judicata issue. The employer asserts that the only issue before this court on 17appeal is the WCJ’s ruling on the exception of res judicata. It further contends that the WCJ did not err in granting its exception of res judicata.
We agree with the employer. Unquestionably the parties and the claims in the two suits are the same. The claimant was given an opportunity to litigate her claims against her employer in the first suit but failed to do so. The first suit was dismissed with prejudice, and no appeal was taken. That judgment is now final and, under the principles of res judicata, the claimant is barred from asserting the identical claims in the second suit.
Furthermore, none of the exceptions to the general rule of res judicata set forth in La. R.S. 13:4232 are applicable here. The circumstances are not exceptional, the judgment dismissing the first suit was not without prejudice, and there was no reservation of right to bring another action. La. R.S. 13:4232 is to apply only in “truly exceptional cases,” not situations where “the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation.” See 1990 Comment, La. R.S. 13:4232.
*789 Under the circumstances presented here, the employer’s exception of res judi-cata was properly granted.
CONCLUSION
We affirm the judgment of the workers’ compensation judge granting the exception of res judicata filed by the employer, Exceptional Client Care, LLC. Costs of this appeal are assessed against the claimant, Marethea Eddens.
AFFIRMED.

. La. Admin. Code tit. 40, pt. I, § 5705 provides, in relevant part:
A. A claim may be dismissed without prejudice after contradictory hearing properly noticed by the court on the judge’s own motion or on ex parte motion of a party for the following reasons:
[[Image here]]
4. where a claimant fails to appear for any properly noticed conference or hearing;
[[Image here]]
C. Any order of dismissal shall allow for reinstatement of the action within 30 days for good cause shown.
D. The workers’ compensation judge may order the claim dismissed, with prejudice, after a contradictory hearing, when it is shown that more than 90 days has elapsed since a claim was dismissed for any reason listed in Subsection A of this Section and no good cause has been shown for reinstatement.

. The claimant's brief to this court indicates that she spoke to this person after the March 1, 2012, hearing.