STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 14-1106


GAY LOWERY

VERSUS

JENA NURSING & REHAB CENTER



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #1E
PARISH OF CATAHOULA, NO. 14-03212
BRENZA IRVING-JONES, WORKERS' COMPENSATION JUDGE

**********

JIMMIE C. PETERS

JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese and John E. Conery, Judges.



RULE TO SHOW CAUSE RECALLED.



Curtis Daniel Street
Street & Street
508 N. 31st St.
Monroe, LA 71201
(318) 325-4418
COUNSEL FOR PLAINTIFF/APPELLANT:
    Gay Lowery

**Stephanie L. Cheralla**
**Degan, Blanchard & Nash**
**400 Poydras St., Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jena Nursing & Rehab Center**

**PETERS, Judge.**

This court, on its own motion, issued a rule for the appellants, Jena Nursing and Rehabilitation Center and Technology Insurance Company, to show cause, by brief only, why this appeal should not be dismissed as having been taken from a non-appealable, partial judgment. The appellants have filed a brief in response to this court's rule to show cause. For the reasons given below, we recall the rule to show cause and maintain the appeal.

The claimant, Gay Lowery, sustained a back injury in a work related incident. Ms. Lowery's physician, Dr. Michael Drerup, recommended surgery. Since the parties disagreed as to whether this procedure was necessary for the injuries sustained in the work related incident, this recommendation was presented to the Medical Director for the Office of Workers' Compensation seeking approval pursuant to La.R.S. 23:1203.1. The Medical Director denied approval for the surgery. Therefore, Ms. Lowery filed a Form 1008, Disputed Claim for Compensation with the Office of Workers' Compensation appealing the Medical Director's decision. Ms. Lowery also prayed for an award of penalties and attorney fees, with interest and costs.

The employer and its compensation insurer, appellants herein, responded by filing an exception of no cause of action directed only against the claim for penalties and attorney fees. They also answered the petition and filed affirmative defenses. Additionally, being of the opinion that the surgery should not be authorized, the appellants filed a motion seeking to have the OWC judge enter an order compelling Ms. Lowery to attend a functional capacity evaluation (FCE). Appellants also sought an expedited hearing on Ms. Lowery's appeal of the

Medical Director's decision, and the OWC judge set the matter for hearing on June 30, 2014.

Thus, at the start of the hearing held on June 30, the attorney for the appellants began arguing the merits of their motion to compel the FCE. In response to appellants' counsel's statements to the court, the attorney for Ms. Lowery opined that the question of whether Ms. Lowery should be compelled to undergo an FCE should, logically, be the last issue examined by the court. Instead, Ms. Lowery's counsel contended that the first issue should be the merits of the appeal from the Medical Director's decision to deny Ms. Lowery's back surgery. Specifically, Ms. Lowery's counsel stated:

> I think that [the FCE] would be the last one we would get to. We filed for this Court to review--we filed for an appeal of the medical director's decision denying the surgery. It would appear to me that would be the first thing that would need to be address [sic], because if she's entitled to surgery, she certainly doesn't need to be having to undergo a functional capacity test until she's had her surgery and gotten well, which is essentially the same situation we were in before. But in this case they have filed--let's see if I can find it here. They filed an exception of no cause of action on the claim for penalties and attorney fees that we brought in this connection, which-- And as I understand it, they set our appeal for hearing today on an expedited basis. So we're here--we're here to try our case on whether she's entitled to the surgery. And then-- And so, I don't know what order the Court wants to take all that in. But as I understand it, all of that is at issue today.

The OWC judge agreed; therefore, Ms. Lowery's counsel began presenting the case against the Medical Director's decision.

Not only did Ms. Lowery's counsel express the opinion that all issues were to be presented to the OWC court on June 30, appellants' counsel commented at the conclusion of her argument that, even if the OWC court determined that the medical director's decision should not be upheld, the award of penalties should not be assessed against the appellants. And finally, near the completion of Ms.

Lowery's counsel's arguments to the OWC judge, he again argued that penalties and attorney fees should be awarded to Ms. Lowery due to the appellants' failure to authorize and pay for her recommended back surgery.

At the conclusion of the hearing, after taking a break to review the case, the OWC judge orally rendered the ruling finding that the Medical Director's decision should be reversed and ordered that Ms. Lowery is entitled to the back surgery. The OWC judge then stated that the motion to compel the FCE was denied at this time, reserving the appellants' right to ask for an FCE at the appropriate time following the surgery. However, the OWC judge did not enter any ruling with regard to the issue of penalties or attorney fees nor did the OWC judge directly address the appellants' exception of no cause of action directed against these claims. Counsel for Ms. Lowery stated on the record that he would prepare the judgment for the OWC court to sign.

The OWC judge ultimately signed two separate judgments on the same day. One judgment overturns the decision of the Medical Director denying Ms. Lowery's surgery, and then proceeds to authorize the surgery with the appellants paying for it. The second judgment denied the appellants' motion to compel the FCE, reserving to them the right to urge this motion again when appropriate. Neither judgment addressed the exception of no cause of action or the issue of Ms. Lowery's entitlement to penalties or attorney fees.

The appellants filed a motion seeking a suspensive appeal from the judgment ordering them to pay for Ms. Lowery's back surgery. Upon receipt of record, this court issued the subject rule for the appellants to show cause why the appeal should not be dismissed as having been taken from a partial judgment.

3

In response to this court's rule to show cause, the appellants argue that a judgment reversing the Medical Director's decision denying the employee's request for approval of a medical procedure is appealable if the appealed judgment is a complete adjudication of the claim. This court does not disagree with the appellants on this point. However, this court recognizes that when elements of a claim set forth by the petitioner include recovery of penalties and attorney fees, there has not been a complete adjudication of the claim until the court has ruled on all of the elements of the claim including penalties and attorney fees.

Thus, in *Ken Lawler Builders, Inc. v. Delaney*, 36,865 (La.App. 2 Cir. 3/5/03), 840 So.2d 672, an appeal was taken from an award of attorney fees. The trial court had previously rendered a final judgment on a motion for summary judgment filed by the plaintiff finding that the defendants were liable for breach of a lease agreement. The lease agreement had a provision entitling the plaintiff to an award of attorney fees if the defendants were found to have breached the lease. However, when the plaintiff filed the motion for summary judgment, the plaintiff failed to raise the right to an attorney fee award in the motion. While the defendants filed an appeal from the judgment finding they had breached the lease, the plaintiff also failed to file an answer in the appellate court seeking an award of attorney fees.

Instead, the plaintiff filed a motion in the trial court seeking the award of attorney fees in accordance with the lease provision while the appeal was pending in the appellate court from the judgment finding that the defendants had breached the lease. The trial court awarded attorney fees for the plaintiff, and the defendants appealed.

On appeal from the attorney fee award, the appellate court found that the trial court had been without jurisdiction to decide the attorney fee issue since an appeal had already been perfected from the judgment finding the breach of the lease agreement. The defendants also argued that res judicata applied to the earlier judgment and that this principle also barred litigation of the attorney fees issue. In agreeing with the defendants' position on this latter issue, the appellate court remarked:

> All issues related to the breach of the lease were extinguished and merged into the final judgment rendered by the district court. La.R.S. 13:4231(1). As previously stated, neither the record nor the previous judgment rendered indicate any reservation of the attorney fees issue for future adjudication. In this instance, we deem it appropriate to apply the principle that a demand not granted or reserved in the judgment must be considered as rejected. See *Soniat v. Whitmer*, 141 La. 235, 74 So. 916 (La.1917). The legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of *res judicata* against subsequent suit for such part of the demand. *Edenborn v. Blacksher*, 148 La. 296, 86 So. 817 (1921).

840 So.2d at 675.

Turning to the instant case, it is clear from the transcript of the hearing that the parties and the OWC court knew that the issue of whether Ms. Lowery was entitled to penalties and attorney fees was being litigated during that hearing. Like the court in *Ken Lawler*, 840 So.2d 672, concluded, we can only conclude that the OWC court's silence in the two written judgments resulting from that hearing constituted a denial of the claim for penalties and attorney fees. Therefore, we find that, since no issues remain to be litigated at this time before the OWC court, this court's rule to show cause why the appeal should not be dismissed as having been taken from a partial judgment must be recalled, and the appeal is hereby maintained.

5

**RULE TO SHOW CAUSE RECALLED.**