# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30739

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2016

Lyle W. Cayce
Clerk

ANNIE CAVALIER,

Plaintiff - Appellant

v.

NATIONSTAR MORTGAGE, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-702

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Annie Cavalier appeals the district court's dismissal of her claims where she objected to Nationstar Mortgage's foreclosure action in Louisiana state court. The state court ordered a writ of seizure and sale and despite Cavalier's objections, Nationstar purchased the subject property at a sheriff sale. Cavalier alleged in the state court action that Nationstar was fraudulent in the executory process. She brings the same fraud allegation on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30739

asserting various reasons why her damages claim is not barred by res judicata. Cavalier's reasons are meritless because, as reiterated by the Louisiana Fourth Court of Appeal: "where an order of executory process has become final and nonappealable, the doctrine of res judicata is applicable and precludes recovery of damages for wrongful seizure of property." *Countrywide Home Loans Servicing, LP v. Thomas,* 782 So.2d 355, 653 (La. App. 4 Cir. 2013).

In its analysis, the district court properly concluded that because the damages claim is based on the same previous allegation of fraud, the provision of res judicata applicable to the instant case is issue preclusion. The issue preclusion provision of Louisiana's res judicata statute states that a valid and final judgment between the same parties "in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." La. Rev. Stat. Ann. § 13:4231.

Without dispute, the first two requirements are met – there is a final judgment between the same parties. First, the parties are the same since Nationstar and Cavalier were parties to both the state court action and the instant action. Next, the writ of seizure and sale signed by the state court judge is a final judgment. *See* La. Rev. Stat. Ann. § 13:4231, cmt. (d)(1990) which states:

> To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given. The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part. The use of the phrase "final judgment" also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal.

2

No. 15-30739

Finally, Cavalier argues that the fraud issue was never ruled on. However, as appropriately explained by the district court, the "actually litigated" requirement of the statute is also met. The court reasoned that Cavalier's assertion of fraud was argued twice in her motions for injunctive relief, yet the state court still granted the writ of seizure and sale. The district court disposes of this contention by quoting Louisiana Second Court of Appeal:

> The legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of *res judicata* against subsequent suit for such part of the demand.

*Ken Law Builders, Inc. v. Delaney*, 840 So.2d 672, 675 (La. App. 2 Cir. 2003). Thus, under Louisiana law, the state court's silence on the fraud issue is a rejection of that issue.

Consequently, a signed final judgment between the same parties on a previously litigated issue amounts to res judicata barring Cavalier's claims.

AFFIRMED.