MOORE, J.
11 Billy Hawkins appeals a judgment that sustained his employer’s exception of res judicata and dismissed his workers’ compensation claim. For the reasons expressed, we affirm.
FACTUAL BACKGROUND
Hawkins, who lives in Minden, Louisiana, was employed by Span Systems Inc., a contractor at DFW International Airport, in Dallas. On September 16, 2013, a coworker “ran into” the lift in which Hawkins was working. At some point, Hawkins filed a claim against Span’s insurer, Liberty Mutual, in the Texas Department of Insurance, Division of Workers’ Compensation (“DWC”).
Hawkins then filed the instant disputed claim in the Louisiana Office of Workers’ Compensation (“OWC”) on August 4, 2014, against Span and Liberty Mutual (collectively, “Span”). Alleging injuries to his neck and back, he demanded wage benefits, medical treatment, penalties and at: torney fees.
Span admitted that Hawkins sustained a work-related injury but argued that he was receiving wages in lieu of benefits and compensation benefits under Texas law, resulting in statutory credit that would offset any Louisiana benefits.
Meanwhile, the parties proceeded to a hearing in the DWC. On March 26, 2015, the hearing officer rendered a 5 ½-page Decision and Order (“the DWC ruling”) finding that the work-related injury did not extend to and include a disc protrusion at C5-6, cervical radiculitis, lumbar sprain/ strain, and multiple disc bulges (Ll-2, L3-4, L5-S1); that Hawkins reached maximum medical improvement on February 24, 2014; and that his 1 gimpairment raising was 5%. The hearing officer ordered Liberty Mutual to pay medical costs and any accrued wage benefits in accord with Texas law, but did not address any complaint of cervical sprain/strain.
Back in the OWC, Span filed the instant exception of res judicata on May 15, 2015. Citing the DWC ruling, it argued that the matter had been fully adjudicated with a finding that most of Hawkins’s symptoms were not the result of the accident. In support, it cited Early v. R & J Technical Servs., 2012-686 (La.App. 3 Cir. 2/13/13), 129 So.3d 46, for the principle that an out- *596 of-state workers’ compensation ruling was entitled to full faith and credit in the OWC. It conceded that Hawkins’s claim for cervical sprain/strain was unresolved and could proceed.
Hawkins opposed the exception, arguing that his hearing in the DWC did not meet due process standards, and that res judica-ta does not apply until the plaintiff has an “adequate opportunity to litigate,” Turner v. Maryland Cas. Co., 518 So.2d 1011 (La. 1988). He conceded that Early was superficially on point, but argued that the OWC has continuing jurisdiction over all claims, La. R.S. 23:1310.8, and that the compensation law should be liberally construed to promote recovery. Mostly, he cited the formulation that res judicata requires an examination of “the entire record in the first suit,” Brielle’s Florist & Gifts Inc. v. Trans Tech Inc., 2011-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833; Pickett v. J.B. Tuck Land Clearing, 2012-1409 (La.App. 3 Cir. 5/1/13), 157 So.3d 34. He argued that Span must introduce the entire record of the DWC case, not just the DWC ruling.
At a hearing in February 2016, Span offered the DWC ruling, not the entire record. After argument, WCJ Patrick Robinson sustained the exception with respect to all claims except cervical sprain/strain,
LHawkins took a writ, which this court denied on the showing made, on March 31, 2016.
In August 2016, Span’s counsel advised the OWC that the parties had reached stipulations that with the ruling on res judicata, Hawkins would not be able to prove his cause of action. After a hearing on August 16, WCJ Linda Smith rendered judgment denying and dismissing all of Hawkins’s claims. Hawkins has taken this appeal.
DISCUSSION

The Parties’ Positions

Hawkins designates one assignment of error: the WCJ erred in granting Span’s exception of res judicata, thus limiting the plaintiff to proving disability arising out of a cervical sprain/strain.[1] He first contends that res judicata should never be applied without evidence that the plaintiff had an “adequate opportunity to litigate,” Turner v. Maryland Cas. Co., supra. Specifically, the trial court should examine “not only the pleadings, but also the entire record in the first suit to determine whether the second suit is, in fact, barred by res judicata.” Brielle’s Florist & Gifts v. Trans Tech, supra; Pickett v. J.B. Tuck Land Clearing, supra; Lee v. Twin Bros. Marine Corp., 2003-2034 (La.App. 1 Cir. 9/17/04), 897 So.2d 35. The only evidence before the OWC was the DWC ruling, and thus the court could not determine what particular issues were actually decided under Texas law.
hSecond, he shows that a prior judgment does not bar another action by the plaintiff when “exceptional circumstances justify relief from the res judicata effect of the judgment,” La, R.S. 13:4232 A(l). The courts have declined to apply res judicata when “the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme,” Terrebonne Fuel & *597 Lube Inc. v. Placid Refining Co., 95-0654 (La. 1/16/96), 666 So.2d 624; City of Bastrop v. Harris, 50,727 (La. App. 2 Cir. 6/22/16), 198 So.3d 163. Hawkins contends that the Texas compensation system is “grossly unfair to injured workers.”[2] Specifically, his hearing was a phone conference in which he was represented not by a lawyer but by a nonlawyer ombudsman provided by the system, a situation he views as inherently unfair; and the DWC hearing officer gave no weight to a letter from Hawkins’s chiropractor seeking to establish causation, resulting in a ruling valid under Texas law but, he contends, contrary to Louisiana’s presumption of causation, Peveto v. WHC Contractors, 630 So.2d 689 (La. 1994). He concludes that strong public policy reasons 'militate in favor of letting him, a Louisiana resident, litigate his claim in Louisiana.
Span responds that res judicata properly applied because the DWC riding was a judgment in favor of the defendant “with respect to any issue actually litigated and determined if its determination was essential to that judgment,” La. R.S. 13:4231 (3). Further, Early v. R & J Technical Servs., supra, applied full faith and credit to another state’s finding that the claimant did not sustain a work-related injury, and is virtually identical to this case. The DWC ruling shows, in fact, an “extensive” consideration of all claims and evidence, with “no indicia of unreliability or unreasonableness”; thus, it was competent to support res judicata. Further, Hawkins’s lead authority, Brielle’s Florist, supra, actually states that failure to introduce the entire record into evidence “can prohibit” the application of res judicata, not -that the whole record is uniformly required. Finally, the overriding public policy issue is to bar the relitigation of matters already decided; to allow Hawkins to proceed would defeat that policy.

Analysis

The applicable law is essentially as- quoted by the parties. Res judicata precludes the relitigation of all causes of action arising out of the same transaction and occurrence that-were the subject matter of a prior litigation between the same parties. Oliver v. Orleans Parish Sch. Bd., 2014-0329 (La. 10/31/14), 156 So.3d 596, 165 Lab.Cas. P 61537, 314 Ed. Law Rep. 1161 (2014). A valid and final judgment is conclusive between the same parties “with respect to any issue actually litigated and determined if its determination was essential to that judgment.” La. R.S. 13:4231(3). The purpose of res judicata is judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. Oliver v. Orleans Parish Sch. Bd., supra. A judgment denying workers’ compensation benefits is res judi-cata after the claimant has exhausted his right of appeal. La. R.S. 23:1310.8 E. The fact that only Liberty Mutual was a defendant in the DWC, but its insured, Span, is also a defendant in the instant matter, is immaterial; for purposes of res [¿judicata, the insurer and the insured share the same qualities and identity. Aisola v. Louisiana Citizens Prop. Ins. Corp., 2014-1708 (La. 10/14/15), 180 So.3d 266; Insurance Co. of N. Amer. v. Louisiana Power & Light, 2008-1315 (La. App. 5 Cir. 3/4/09), 10 So.3d 264.
*598 The issue is whether Span ■ satisfied its burden of proving that res judicata applied. The burden of proof is on the pleader to establish the essential facts to sustain the plea of res judicata. Borja v. FARA, 2016-0055 (La. 10/19/16), 218 So.3d 1, fn. 3, 2016 WL 6123579. The burden of proof is a preponderance of the evidence. Eddens v. Exceptional Client Care LLC, 48,747 (La.App. 2 Cir. 2/26/14), 135 So.3d 784; Fogleman v. Meaux Surface Prot. Inc., 2010-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, writ denied, 2011-0712 (La. 5/27/11), 63 So.3d 995. One court has specifically rejected the argument that “the entire record of the underlying proceeding” must be introduced for the court to consider res judicata properly. Pierrotti v. Johnson, 2011-1317 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056. Whether the party alleging res judicata has met the burden of proof depends, obviously, on the nature of the evidence.
For this reason, we reject Hawkins’s contention that the “entire record” is categorically required for the mover to prove entitlement to res judicata. Notably, in Brielle’s Florist, supra, the defense of res judicata was based on a compromise that was never signed yet resulted in a judgment “in strict conformity to the terms of the settlement agreement.” In Pickett v. J.B. Tuck Land Clearing, supra, the defense of res judicata was based on a motion to enforce settlement and a minute entry stating that the “initial agreed upon settlement is hereby enforced”; the court specifically noted that the minute entry “does not expound upon the issues considered in that |7settlement.” In Lee v. Twin Bros. Marine, supra, the defense of res judicata was based on an OWC judgment that rejected a claim for temporary, total disability benefits but was silent as to a knee replacement; the court found this would not preclude a later claim for the knee replacement. The running theme in these cases is that the evidence offered did not support the plea of res judicata, and that the “entire record” would have clarified the issue, showing whether the particular claim had indeed been litigated.
By contrast, in the instant case Span introduced the DWC ruling. This is no barebones judgment or minute entry dismissing a claim in conformity with an undisclosed settlement, or for no reason at all. In the DWC ruling, the hearing officer clearly stated that the disputed issues were whether the work-related accident extended to and included a disc protrusion at C5-6, cervical radiculitis, lumbar sprain/ strain, and multiple lumbar disc bulges at Ll-2, L3-4 and L5-S1. She listed the witnesses testifying and the exhibits introduced, and discussed the letter from Hawkins’s treating chiropractor, Dr. Hicken; a report from another chiropractor (the “treating doctor designee”), Dr. Pearson; and a report from a court-appointed designated doctor, Dr. Courtney, who examined Hawkins for maximum medical improvement and impairment rating. The hearing officer found that the cervical injuries were degenerative and predated the accident, that complaints of lumbar injury were “absent” only a few days after the accident, and that Dr. Hicken’s theory of causation was “not persuasive.” On this basis, the hearing officer found that the claimed injuries did not result from the work-related accident. This comprehensive review of the issues, evidence and analysis was more than sufficient to support the WCJ’s 1 ¡¡finding that the claimed injuries were fully litigated in the DWC and subject to res judicata.
The evidence introduced here was similar to what this court found sufficient to support res judicata in Eddens v. Exceptional Client Care, supra, and to what the Third Circuit found sufficient to reverse a *599 judgment that had denied the exception of res judicata in Fogleman v. Meaux Surface Prot., supra. The WCJ committed no legal or manifest error in sustaining the instant exception. Hawkins’s first argument lacks merit.
By his second argument, Hawkins urges that because of exceptional circumstances, he is entitled to relief from the harsh effect of res judicata. La. R.S. 18:4232 A(l). Certain facts—he did not attend his DWC hearing in person, he was represented not by a lawyer but by an ombudsman, and the hearing officer did not apply Louisiana’s presumption of causation—made the prior proceeding, in his view, inconsistent with fairness and equity. More generally, he contends the Texas workers’ compensation system is inherently biased against claimants and should not preclude subsequent claims in the worker’s home state.
This court has recently recognized that both Texas and Louisiana have strong policies of protecting employees through workers’ compensation laws. Jackson v. Royal T Energy LLC, 50,645 (La.App. 2 Cir. 6/22/16), 197 So.3d 706, writ denied, 2016-1383 (La. 11/7/16), 209 So.3d 99. In addition, this court has utilized a DWC judgment as the basis for res judicata in the OWC. Eddens v. Exceptional Client Care, supra. Relief from res judicata is available only in “truly exceptional cases,” such as “complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system,” to factual | situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. Oleszkowicz v. Exxon Mobil Corp., 2014-0256 (La. 12/9/14), 156 So.3d 645, quoting Kevin Assocs. LLC v. Crawford, 2004-2227 (La. App. 1 Cir. 11/4/05), 917 So.2d 544, writ denied, 2006-0220 (La. 5/5/06), 927 So.2d 311. The facts cited by Hawkins do not reach the level of “truly exceptional,” and in no way prevented him from presenting the same claims he is now raising in the OWC. On this record, no special relief from res judicata is warranted. This argument lacks merit.
CONCLUSION
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the claimant, Billy Hawkins, in accordance with La. C. C. P. art. 5186.
AFFIRMED.

. As a preliminary matter, he urges that documents attached to memoranda do not constitute evidence, Denoux v. Vessel Mgmt. Servs. Inc., 2007-2143 (La. 5/21/08), 983 So.2d 84. He concedes that Span attached a copy of the DWC ruling to its exception of res judicata and offered a copy of it at the hearing, but still urges that it was not properly before the WCJ, The record shows that at the hearing on the exception, Span offered a copy of the DWC ruling and that Hawkins's counsel stipulated that it had been rendered. It was properly before the OWC.

. Terry Carter, "Insult to Injury: Texas Workers’ Comp System Denies, Delays Medical Help,” Oct. 2011, accessed:
http://www.abaioumal.com/maga2ine/ . articIe/insult-to_iniury_texas_workers_ comp_system_denies_delays_medical_help/; Jay Root, "Hurting for Work: Behind the Texas Miracle, A Broken System for Broken Workers,” June 29, 2014, accessed: https:// apps.texastribune.org/hurting-for-work/.