Judgment rendered April 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,231-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Plaintiff-Appellant

versus

ROBERT BERRY                          Defendant-Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. C-163,047

Honorable Charles A. Smith, Judge

* * * * *

LOUISIANA DEPT. OF JUSTICE,          Counsel for Plaintiff-
CIVIL DIVISION                       Appellant, the State of
By: Assistant Attorneys General:     Louisiana
    Madeline Carbonette
    Emily G. Andrews
    Angelique Duhon Freel
    David Jeddie Smith, Jr.
    Alicia E. Wheeler

LOUISIANA DEPT. OF JUSTICE,          Counsel for Plaintiff-
CIVIL DIVISION                       Appellant, Attorney
By: Madeline Carbonette              General Jeffrey M.
    Emily G. Andrews                 Landry, in His Official
    Angelique Duhon Freel            Capacity

LAW OFFICE OF RONALD J.  
MICIOTTO, LLC  
By: Ronald J. Miciotto  
    Justin P. Smith

Counsel for Defendant-  
Appellee, Robert Berry

\* \* \* \* \*

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, J**.

Plaintiff-Appellant the State of Louisiana, through the Attorney General's Office (the "AG"), appeals the district court's judgment granting Defendant-Appellee Robert Berry's exception of res judicata and dismissing its petition. For the following reasons, we affirm.

## FACTS

On July 10, 2020, the AG notified Berry of a complaint that he was violating the Dual Officeholding and Dual Employment Law through his service as a member of the Board of Commissioners (the "Board") of the Cypress Black Bayou Recreational and Water Conservation District (the "District") and employment as the District's Executive Director.

On September 8, 2020, the AG filed a petition for declaratory judgment (the "AG's suit"). It requested that the district court declare that Berry violated the Dual Officeholding and Dual Employment Law, La. R.S. 42:64, by serving as a member of the District's Board and by holding employment as the District's Executive Director; declare either office vacant and enjoin Berry from further carrying on the duties of that office; and order Berry to reimburse the District all pay, allowances and other compensation for the position vacated, for the six months preceding the filing of this suit.

On September 24, 2020, Berry filed an exception of lis pendens.[1] He stated that the district attorney of the 26th Judicial District (the "DA"), filed an identical suit (the "DA's suit") in the same court one month prior to the AG's suit.

---

[1] He also filed, in the alternative, an exception of nonjoinder of an indispensable party, i.e., the District. At a hearing on December 10, 2020, the district court determined that the District is not an indispensable party and overruled the exception of nonjoinder.

On November 24, 2020, the AG filed an opposition to Berry's exception. It argued that its suit and the DA's suit are not on the same transaction or occurrence and do not involve the same plaintiffs in the same capacities and, therefore, that Berry cannot meet the requirements of La. C.C.P. art. 531. It also stated that a final judgment in the DA's suit would not be res judicata in the instant suit.

On December 3, 2020, Berry filed an exception of res judicata. He stated that in the DA's suit, the district court granted his motion for summary judgment and determined that he was not in violation of the Dual Officeholding and Duel Employment Law.[2] He requested that the district court in the AG's suit take judicial notice of that judgment. He argued that because the district court in the DA's suit ruled on the same subject matter as in the AG's suit, the exception of res judicata should be granted. In the alternative, Berry re-urged his exception of lis pendens.

On December 8, 2020, the AG filed an opposition to the exception of res judicata. It adopted and incorporated its arguments in opposition to Berry's exception of lis pendens. It contended that the parties are not the same and that no privity exists between the AG and the DA. It also stated that it had no control over the DA's suit, that its interests were not adequately represented by the DA and that the DA made no effort to oppose the substance of Berry's claims. It argued, in the alternative, that exceptional circumstances exist in this case and, therefore, that res judicata does not apply.

---

[2] On December 9, 2020, he supplemented this exception with a copy of the December 2, 2020 written judgment.

2

On December 10, 2020, a hearing was held on the exceptions. The district court determined that the exception of lis pendens was moot because of the December 2, 2020 judgment in the DA's suit. It noted that this judgment was a valid, final judgment and that the cause of action in the AG's suit existed at the time of the final judgment in the DA's suit. It determined that the DA and AG are, in essence, the same party as both attempted to enforce the same statute against Berry. Regarding whether the causes of action asserted in the AG's suit arose out of the transaction or occurrence that was the subject matter of the DA's suit, the district court determined that the causes of action are the same and that they arose from Berry holding two offices. Accordingly, the district court granted the exception of res judicata.

On December 23, 2020, the district court signed a judgment dismissing Berry's exception of lis pendens, granting his exception of res judicata and dismissing the AG's petition with prejudice.

The AG appeals.

## DISCUSSION

In its four assignments of error, the AG argues that the district court erred by granting Berry's exception of res judicata. It contends that the district court erroneously concluded that the AG and the DA are the same parties and that their suits arose from the same transaction or occurrence. It argues that this case presents exceptional circumstances, which should have compelled the district court to deny the exception of res judicata.

Berry argues that the trial court properly granted his exception of res judicata because the AG's suit is clearly precluded by the prior judgment in the DA's suit. He contends that the suits involve the same parties in the

3

same capacities and involve the same transaction or occurrence. He argues that this case does not involve complex procedural situations and, therefore, that no exceptional circumstances are present.

Louisiana's law on res judicata is set forth in La. R.S. 13:4231 and states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049. For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given, a final judgment is one that disposes of

4

the merits in whole or in part and the parties are the same when they appear in the same capacities in both suits. *Id*.

La. R.S. 13:4232(A)(1) provides an exception to the general rule of res judicata and states that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment.

The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. *Eddens v. Exceptional Client Care, LLC*, 48,747 (La. App. 2 Cir. 2/26/14), 135 So. 3d 784. If there is any doubt as to its applicability, the exception must be overruled. *Id*. The introduction of the entire record of the underlying proceeding is not required for the mover to prove entitlement to res judicata. *Hawkins v. Span Sys., Inc./DFW Int'l Airport OCIP*, 51,378 (La. App. 2 Cir. 5/17/17), 223 So. 3d 593.

The res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. *Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14), 154 So. 3d 747, *writ denied*, 15-0292 (La. 4/24/15), 169 So. 3d 357.

In the case *sub judice*, Berry clearly proved the elements of res judicata by a preponderance of the evidence. The December 2, 2020 judgment in the DA's suit is a valid, final judgment. It was rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given, and it disposed of the merits in whole because it declared that Berry was not in violation of La. R.S. 42:64. The parties in the DA's suit and the AG's suit are the same and appear in the same capacities in both suits, and the identical causes of action arose out of the same

5

transaction or occurrence. In both the DA's suit and the AG's suit, the representative of the state sought declaratory judgment of whether Berry was violating the Dual Officeholding and Dual Employment Law through his service as a member of the District's Board and employment as the District's Executive Director. Exceptional circumstances, as considered in La. R.S. 13:4232, do not exist in this case. Therefore, the district court did not err in granting the exception of res judicata and dismissing the AG's petition with prejudice.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment granting Defendant-Appellee Robert Berry's exception of res judicata and dismissing the petition of Plaintiff-Appellant the State of Louisiana, through the Attorney General's Office. Costs in the amount of $2,911.80 are assessed to the State of Louisiana, through the Attorney General's Office.

**AFFIRMED.**