Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,647-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RAYMOND CROWLEY                          Plaintiff-Appellant

versus

CAESAR ROJAS DBA ROJAS                   Defendant-Appellee
PAINT

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-W
Parish of Caddo, Louisiana
Trial Court No. 21-02580

Brenza Irving-Jones
Workers' Compensation Judge

* * * * *

THE SMITH LAW OFFICE, LLC             Counsel for Appellant
By: Eskridge E. Smith, Jr.

ANZELMO LAW                           Counsel for Appellee
By: Donald J. Anzelmo

* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**PITMAN, C. J.**

Plaintiff-Appellant Raymond Crowley appeals the Workers

Compensation Judge's (the "WCJ") granting of an exception of res judicata

in favor of Defendant-Appellee Cesar Rojas.[1]  For the following reasons, we

reverse the judgment of the WCJ and remand for further proceedings.

## FACTS

This case was previously before this court in *Crowley v. Rojas*, 55,616

(La. App. 2 Cir. 5/22/24), 386 So. 3d 1243, *writ denied*, 24-00792 (La.

10/15/24), 394 So. 3d 822 ("*Crowley I*").  In *Crowley I*, this court stated the

following facts relevant to this appeal:

> On May 12, 2021, Crowley filed a disputed claim for
> compensation. He stated that he was employed as a general
> laborer by Cesar Rojas d/b/a Rojas Paint. He alleged that he
> fractured his ankle, which required surgery, in September 2020
> when he and Rojas were cutting a tree on Rojas's property. He
> stated that he had not been provided medical treatment and
> contended that penalties and attorney fees were due to him.
>
> On June 25, 2021, Cesar Rojas d/b/a Rojas Paint filed an
> answer denying that it employed Crowley at the time of the
> alleged injury or that Crowley was performing services arising
> out of and in the course of his employment at the time of the
> alleged injury. It denied that Crowley was temporarily or
> permanently disabled, that he sustained an injury resulting in a
> loss of earning capacity and that he is entitled to rehabilitation
> services.
>
> On October 25, 2021, Crowley filed a supplemental and
> amending claim for workers' compensation benefits. He
> contended that if his employer was not Cesar Rojas d/b/a Rojas
> Paint, then he was in the employ of Rojas, individually, such
> that he was employed either by Cesar Rojas d/b/a Rojas Paint,
> an entity owned by Rojas, or he was employed by Rojas,
> individually, and had an accident in the course and scope of his
> employment.
>
> On August 9, 2022, Crowley filed a request for compromise or
> lump sum settlement. He named "Rojas Painting, LLC" as the
> employer and Bridgefield Casualty Insurance Company as the

---

[1] Rojas's first name is incorrectly spelled as "Caesar" in the case's caption.

insurer. On August 19, 2022, Crowley, "Rojas Painting, LLC" and Bridgefield filed a joint petition, order and release with reservation of rights. They agreed that Crowley would receive $7,500 in a lump sum and stated that **this settlement was limited to Crowley's claims against "Rojas Painting, LLC" and Bridgefield and did not include his claims against Rojas, individually. The WCJ approved the settlement and dismissed the matter with prejudice, with reservation of Crowley's rights against Rojas, individually.** (Emphasis added.)

On April 13, 2023, Rojas filed a peremptory exception of prescription. He requested that all claims against him be dismissed because any such claims prescribed after not being brought within one year of the accident at issue. He noted that the alleged accident occurred in September 2020; that on May 3, 2021, Crowley filed the original claim naming Cesar Rojas d/b/a Rojas Paint as the defendant; and that on October 20, 2021, Crowley filed the amended claim to add Rojas, individually, as a defendant.

On May 12, 2023, Crowley filed an opposition to the exception of prescription. He argued that the original claim satisfactorily named Rojas as a defendant, whether as an individual or as a person running a business. In the alternative, he argued that the amended claim was not untimely because it did not add a new party or change the basis for the claim for benefits. He explained that the amendment clarified the status of the defendant and related back to the original claim.

A hearing on the exception was held on June 5, 2023. . . . The WCJ determined that Rojas, individually, is a different party from Cesar Rojas d/b/a Rojas Paint and granted the exception of prescription.

On June 13, 2023, the WCJ signed an order granting the peremptory exception of prescription. It dismissed all of Crowley's claims against Rojas with prejudice.

Crowley appealed. This court determined that:

[T]he WCJ erred in determining that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are different parties and then granting Rojas's exception of prescription. Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are one and the same. Cesar Rojas d/b/a Rojas Paint is not a juridical person separate and apart from the natural person, Cesar Rojas. The amended petition did not name a new defendant and related back to the date of the filing of the original petition, which was timely filed within the one-year prescriptive period.

2

Accordingly, this court reversed the judgment of the WCJ and remanded for further proceedings. Rojas filed an application for a writ of certiorari with the Louisiana Supreme Court, which the Court denied.

On December 13, 2024, Rojas filed a peremptory exception of res judicata. He argued that Crowley's claims are barred because they were decided by the August 2022 settlement. He noted that the settlement was between Crowley, Rojas Painting, LLC and its insurer. He explained that as this court in *Crowley I* determined that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are one and the same, the claims against Rojas, individually, are barred by the doctrine of res judicata because Crowley already reached a settlement with "Rojas Paint, LLC."

On January 13, 2025, Crowley filed an opposition to the exception of res judicata. He noted that the settlement was limited to his claim against Rojas Painting, LLC and its insurer and did not include his claim against Rojas, individually. He argued that his remaining claims against Rojas, individually, have not been the subject of a prior judgment and are not subject to dismissal.

A hearing on the exception was held on February 24, 2025. Counsel for Rojas argued that because of this court's decision in *Crowley I* that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are the same party, Crowley cannot reserve rights against the party that he also released. Counsel for Crowley argued that Rojas Painting, LLC is not the same party as Rojas, individually, or Cesar Rojas d/b/a Rojas Paint. Counsel contended that the only parties that were dismissed by the settlement were Rojas Painting, LLC and its insurer and that Crowley's claims were reserved against Rojas, individually, and Cesar Rojas d/b/a Rojas Paint. The WCJ

3

concluded that it did not find a distinction between Rojas Painting, LLC and Cesar Rojas d/b/a Rojas Paint. Therefore, it determined that the claims are barred by the doctrine of res judicata as they were decided by the settlement.

On March 5, 2025, the WCJ granted the exception of res judicata and dismissed with prejudice all Crowley's claims against Rojas.

Crowley appeals.

## ARGUMENTS

Crowley argues that the WCJ erred in concluding that Rojas Painting, LLC is the same party as Rojas, individually; granting the exception of res judicata; and dismissing his claims against Rojas, individually, and Cesar Rojas d/b/a Rojas Paint. He contends that this court's ruling in *Crowley I* that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are the same juridical person does not change the legal premise that Rojas Painting, LLC is a distinct and separate party from Rojas, individually. He states that his settlement was with Rojas Painting, LLC and its insurer; that Rojas, individually, was not a party to the settlement; and that he reserved all claims against Rojas, individually, in the settlement.

Rojas argues that the WCJ correctly granted his exception of res judicata. He contends that the settlement with Rojas Painting, LLC released Rojas, individually, because this court in *Crowley I* ruled that Rojas, individually, and his painting company are one and the same.

Louisiana's law on res judicata is set forth in La. R.S. 13:4231 and states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the

4

transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049. Both the civilian law and the common law mandate that there must be "identity of parties" before the doctrine of res judicata can be used to preclude a subsequent suit. *Id*. This requirement does not mean that the parties must have the same physical identity but that the parties must appear in the same capacities in both suits. *Id*.

There are two kinds of persons: natural persons and juridical persons. La. C.C. art. 24. A natural person is a human being. *Id*. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. *Id*. The personality of a juridical person is distinct from that of its members. *Id*.

An LLC is an entity to which the law attributes personality and is, therefore, a juridical person. *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So. 3d 888. Therefore, as a general proposition, the law considers an

5

LLC and the member(s) comprising the LLC as being wholly separate persons. *Id*. "Piercing the corporate veil," which is not at issue in the case *sub judice*, is an exception to this general proposition. *Id*.

The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. *Eddens v. Exceptional Client Care, LLC*, 48,747 (La. App. 2 Cir. 2/26/14), 135 So. 3d 784.

The res judicata effect of a prior judgment is a question of law that is reviewed de novo. *B.A. Kelly Land Co., LLC v. Aethon United BR LP*, 54,115 (La. App. 2 Cir. 9/22/21), 327 So. 3d 1071, *writ denied*, 21-01828 (La. 2/8/22), 332 So. 3d 671.

A de novo review of the record before this court on appeal confirms that the WCJ erred in granting the exception of res judicata and dismissing Crowley's claims against Rojas, individually, and Cesar Rojas d/b/a Rojas Paint. This court in *Crowley I* determined that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are the same party because a trade name does not have a separate existence apart from the individual doing business under that trade name. *See Holmes v. Lee*, 35,021 (La. App. 2 Cir. 9/28/01), 795 So. 2d 1232. The analysis in *Crowley I* is inapplicable to determining whether Rojas Painting, LLC and Rojas, individually, are one and the same. Louisiana law and jurisprudence are clear that an LLC and the member(s) comprising the LLC are wholly separate persons. Therefore, Rojas Painting, LLC and Rojas, individually, are not the same parties, and the WCJ erred in ruling that they are for the purposes of res judicata. Pursuant to the reservation of rights set forth in the settlement between Crowley, Rojas

6

Painting, LLC and its insurer,[2] Crowley reserved his right to pursue claims against Rojas, individually, and Cesar Rojas d/b/a Rojas Paint, and these claims are not barred by res judicata.

Accordingly, this assignment of error has merit, and we need not address Crowley's remaining assignments of error.

## CONCLUSION

For the foregoing reasons, we reverse the WCJ's granting of the exception of res judicata and remand for further proceedings. Costs of this appeal are assessed to Defendant-Appellee Cesar Rojas.

**REVERSED AND REMANDED.**

---

[2] The reservations of rights states that Crowley agreed to accept the settlement:
[I]n full, final, complete, and absolute satisfaction of any and all claims, actions, or demands, of every nature whatsoever, whether past, present, or future, that appearer may have against ROJAS PAINTING, LLC, BRIDGEFIELD CASUALTY INSURANCE COMPANY, and/or any of their respective insureds, insurers, affiliates, subsidiaries, parent companies, employees, representatives, agents, heirs or assigns, or against any other individual, business, firm, entity, or any other person or persons, whether in workers' compensation, tort, contract, or otherwise . . . .