|, WILLIAMS, J.
The principal issue in this action is whether the legal malpractice claims of the plaintiffs, Mr. & Mrs. Larry Clark (“Clarks”) and L & M Hair Care, Inc., *44 against defendants, Anna Dow (“Dow”) and the law firm of Brook, Morial, Pizza and Van Loon, L.L.P., (“Brook, Morial law firm”) were perempted. The Clarks have also included an assignment of error on appeal from a separate judgment for which the Clarks did not obtain an order of appeal. For the following reasons, the judgment of the trial court is affirmed.
FACTS •'
The Clarks filed legal malpractice claims against Mangum, Hardy, Rolfs and Aba-die, the Brook, Morial law firm and Dow. Their claims against the latter two defendants were made in their first amended petition filed on September 16, 1996; the claims were based on work done by Dow, an associate with the Brook, Morial law firm, on or about September 6, 1989. On September 30, 1996, Dow filed an exception of no cause of action. At a December 18, 1996, hearing, the Brook, Morial law firm orally moved to adopt Dow’s exception,[1] and the court orally sustained both exceptions, dismissing the Clarks’ claims against Dow and the Brook, Morial law firm and confirmed this dismissal in a written ruling dated April 17, 1997.
The Clarks entered a preliminary default against the Brook, Morial law firm on December 80, 1996, alleging that the law firm had failed to answer the first amended petition, filed September 16, 1996. Following a hearing to confirm the default on January 6, 1997, the trial court ruled, by judgment dated April 17, 1997, that the Clarks were not entitled to a confirmation of default because the court had I ^sustained the Brook, Morial law firm’s exception of no cause of action, thereby dismissing all of the Clarks’ claims against the law firm before the preliminary default was entered. The Clarks appealed.
During the pendency of this litigation, the Clarks also made a motion for recusal of Judge Charles Scott who replaced Judge Leon Emmanuel as the trial judge in this matter on February 10, 1997. This recusal motion was dismissed by Judge Frank Thaxton on April 21, 1997. The judgment issued by the trial court on April 21, 1997 included sanctions, pursuant to LSA-C.C.P. art. 863. The Clarks’ petition for appeal, filed May 8,1997, and the order of appeal, dated May 12, 1997, allowed the Clarks to appeal the judgment rendered April 17, 1997. The Clarks did not obtain an order of appeal for the April 21, 1997 ruling.
DISCUSSION
LSA-R.S. 9:5605 governs the time limit for the filing of a lawsuit for legal malpractice:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission or neglect, or within one year from the date that the alleged act, omission or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission or neglect occurred. However, with respect to any *45 alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitations provided in Subsection A of this section are peremptive articles within the meaning of 1 .-¡Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted or suspended.
The legal work of Dow and the Brook, Morial law firm about which the Clarks complain was performed on or about September 6, 1989. The provisions of LSA-R. S. 9:5605 require that any malpractice claim based on that work be filed no later than September 7, 1993. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291; Jones, Walker, Waechter, Poitevent, Car-rere & Denegre, L.L.P. v. Homestead Insurance Company, 97-0710 (La.App. 4th Cir.9/10/97) 700 So.2d 233; Morgan v. Campbell, Campbell & Johnson, 27,390 (La.App.2d Cir.9/27/95) 661 So.2d 540. The Clarks did not file their legal malpractice claim against either Dow or the Brook, Morial law firm until September 16, 1996. Thus, their claim against Dow and the Brook, Morial law firm is perempted.
The Clarks’ second assignment of error addresses the trial court’s failure to confirm a preliminary default, filed December 30, 1996, against the Brook, Morial law firm. Because we find that the trial court had properly dismissed the Clarks’ claims against the Brook, Morial law firm on December 18, 1996, we affirm the trial court’s ruling dismissing the default.
The Clarks have also included a contention in this appeal that the trial court erred in dismissing their motion for recusal and in imposing sanctions against them pursuant to LSA-C.C.P. art. 863. Our review of the record discloses that the Clarks failed to obtain an order granting an appeal from this April 21, 1997 judgment of the trial court. LSA-C.C.P. art. 2121 provides in part that an appeal is taken by obtaining an order therefor, within the time delays allowed, from the court that rendered the judgment. It is the duty of the party litigant or his counsel of record to obtain the order of appeal and failure to do so will be imputable to him. Strickland v. Layrisson, 96-1280 (La.App. 1 Cir.6/20/97), 696 So.2d 621; Voelkel v. State, 95-0147 (La.App. 1st Cir.1995), 671 So.2d 478. Thus, because the Clarks only sought and the court only granted, an appeal of the April 17, 1997 judgment, the subsequent judgment of April 21, 1997 is not properly before us for review.
CONCLUSION
Finding that this Court has no jurisdiction to hear the plaintiffs’ appeal from the April 21, 1997 judgment and that the trial court was correct in granting the exceptions of no cause of action filed by defendants, Dow and Brook, Morial, Pizza and Van Loon, L.L.P., we affirm the judgment of the trial court. Costs are assessed to the plaintiffs.
AFFIRMED.

. The Brook, Morial law firm ’made their oral motion pursuant to LSA-C.C. art. 3460 which provides that peremption may be pleaded or it may be supplied by the court on its own motion at any time prior to the final judgment.