NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1013

HAROLD LEE

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF CORRECTIONS, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,547
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********
JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy H. Ezell, James T. Genovese, and Shannon J. Gremillion, Judges.

MOTION TO PARTIALLY DISMISS APPEAL GRANTED.

Shawanna Marie Johnson
S. Marie Johnson, L.L.C.
Post Office Box 14103
New Iberia, LA 70562
(337) 256-3055
COUNSEL FOR PLAINTIFF/APPELLANT:
    Harold Lee

**Lloyd Frederick Schroeder, II**
**Usury, Weeks, & Mathews, A.P.L.C.**
**1615 Poydras Street, Suite 1250**
**New Orleans, LA 70112**
**(504) 592-4600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **William Earl Hilton, Sheriff**

**John Albert Ellis**
**Louisiana Department of Justice**
**Litigation Division**
**130 DeSiard Street, Suite 812**
**Monroe, LA 71201**
**(318) 362-5252**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **State of Louisiana through the Department of Corrections**

**Steven Patrick Mansour**
**Attorney at Law**
**Post Office Box 13557**
**Alexandria, LA 71315**
**(318) 442-4855**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Rapides Parish Police Jury**

**GENOVESE, Judge.**

The Defendant-Appellee, former Rapides Parish Sheriff William Earl Hilton, has filed a Motion forPartial Dismissal for Lack of Jurisdiction. For the reasons given herein, we hereby grant the Motion for Partial Dismissal of the appeal.

This case involves a personal injury action which Plaintiff, Harold Lee, filed against Rapides Parish, the Rapides Parish Sheriff, and the State of Louisiana through the Department of Corrections (the State of Louisiana). Allegedly, Plaintiff was injured when some boards fell on him while he was working for a private employer as part of a work release program established by the former sheriff (hereinafter "Hilton").

The defendants were granted summary judgments at different times during the course of the proceedings in the trial court. Plaintiff's claims against Hilton were dismissed in a judgment dated May 6, 2010. The notice of judgment was mailed on May 12, 2010. Subsequently, a summary judgment was granted in favor of the State of Louisiana. The judgment dismissing Plaintiff's claims against the State was signed on July 12, 2010, and the notice of judgment was mailed on July 13, 2010.

On July 23, 2010, Plaintiff filed a motion for appeal indicating his intention to appeal the trial court's judgment rendered on July 12, 2010, and naming Hilton and the State of Louisiana as appellees. The trial court signed the order of appeal on July 27, 2010. The appeal record was lodged in this court on August 20, 2010.

On October 14, 2010, Hilton filed the instant motion seeking to be dismissed as an appellee in this appeal. Hilton takes the position that this court has no jurisdiction over an appeal as to the summary judgment granted in favor of Hilton in the trial court's ruling of May 6, 2006. According to Hilton, the only judgment which is at issue in this appeal is the trial court's ruling of July 12, 2010, granting summary judgment in favor of the State of Louisiana. In that regard, Hilton points out that the

motion for appeal specifically references the judgment rendered on July 12, 2010, and that the notice of appeal indicates that the order of appeal granted an appeal only from the judgment of July 12, 2010. Also, Hilton points out that the transcript prepared as part of the appeal record pertains only to the hearing on July 12, 2010, involving the summary judgment which was granted in favor of the State of Louisiana. Hilton contends that since the summary judgment granted in its favor involved a separate hearing and separate judgment signed on May 6, 2010, Plaintiff's appeal, which references only the judgment of July 12, 2010, does not include the judgment rendered in favor of Hilton.

Citing *Clark v. Mangham, Hardy, Rolfs and Abadie*, 30,471 (La.App. 2 Cir. 2/24/99), 733 So.2d 43, and *Bamburg v. St. Francis Medical Center,* 45,024 (La.App. 2 Cir. 1/27/10), 30 So.3d 1071, *writ denied*, 10-458 (La. 4/30/10), 34 So.3d 294, Hilton asserts that an appellant must obtain an order of appeal for each final judgment sought to be appealed. Thus, Hilton contends that when the motion for appeal specifies one, but not the other, of two judgments rendered against an appellant, the court of appeal does not have jurisdiction to hear the appeal of the judgment which was not specifically referenced in the motion for appeal.

Additionally, Hilton argues that at the time when Plaintiff filed its motion to appeal on July 23, 2010, the deadline for appealing the May 6, 2010 judgment rendered in Hilton's favor had passed. In that regard, Hilton contends that since the notice of judgment for the May 6, 2010 judgment was mailed on May 12, 2010, the seven day delay for filing a motion for new trial in connection with the May judgment expired on May 21, 2010. As such, Hilton maintains that the sixty-day delay for taking a devolutive appeal from that judgment expired on July 20, 2010. Thus, Hilton asserts that, because Plaintiff's motion for appeal was filed on July 23, 2010, it was

2

filed too late to constitute a timely appeal from the judgment rendered in Hilton's favor on May 6, 2010.

We find that there is merit to Relator's arguments in support of its motion for partial dismissal of the appeal. In *Jeansonne v. New York Life Ins. Co.*, 08-932 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160, although multiple judgments had been rendered by the trial court, the appellant obtained an order of appeal for only one judgment that had been rendered on a specific date, rather than an unrestricted order of appeal for all prior judgments. This court held that it lacked jurisdiction to hear the appeal as to those judgments not referenced in the motion and order for appeal.

In the instant case, we note that Hilton correctly points out that the motion for appeal indicates that Plaintiff seeks to appeal only the trial court's judgment of July 12, 2010. We also note that while the judgment signed on July 12, 2010, dismisses Plaintiff's claims against the State of Louisiana, the judgment dismissing Plaintiff's claims against Hilton was signed on May 12, 2010. We find that although Plaintiff identifies both the State of Louisiana and Hilton as appellees in his motion to appeal the trial court's July 12, 2010, judgment, this does not convert a limited motion for appeal into an unrestricted appeal of all prior judgments pertaining to these two parties. Additionally, to the extent that Plaintiff seeks to appeal the judgment rendered in Hilton's favor on May 12, 2010, we find that the motion for appeal filed on July 23, 2010 was untimely, as it was filed more than sixty days after the expiration of the delay for filing a motion for new trial. *See* La.Code Civ.P. art. 2087.

For the foregoing reasons, we find that this court lacks subject matter jurisdiction to review the trial court's ruling rendered in Hilton's favor on May 12, 2010. Accordingly, we hold that the trial court's judgment of July 12, 2010, is the only ruling at issue for purposes of this appeal. Therefore, we hereby grant Hilton's

3

motion and dismiss the appeal insofar as the Plaintiff sought to appeal the judgment

of May 12, 2010, dismissing Hilton.

## MOTION TO PARTIALLY DISMISS APPEAL GRANTED.

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.