# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2012

No. 11–30724
Summary Calendar

Lyle W. Cayce
Clerk

LARRY E. CLARK,

Plaintiff - Appellant

v.

FREDERICO PENA, Secretary of United States Department of Transportation;
RODNEY SALTER, Administrator of United States Department of
Transportation; FRANK DENTON, Secretary of Louisiana Department of
Transportation and Development; JAMES M. DOUSHAY, Administrator of
Louisiana Department of Transportation and Development,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:96-CV-1360

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pro se Plaintiff-Appellant Larry Clark ("Clark") appeals the district court's
denial of his Rule 60(b) motion, which was filed years after the district court
entered final judgment dismissing his complaint against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11–30724

Defendants-Appellees Frederico Pena, Rodney Salter, Frank Denton, and James M. Doushay ("Appellees").  We AFFIRM.

Clark sued the heads of various federal and state agencies in 1996, in an attempt to compel the United States Department of Transportation to withhold all federal highway construction funds for Interstate 49 from the State of Louisiana and to compel the Louisiana Department of Transportation to deposit into the registry of the court a sum of money equal to his alleged leasehold advantage in a property allegedly expropriated by the State Department.  The Appellees successfully moved the district court to dismiss Clark's complaint under Federal Rule of Civil Procedure 12, and the district court dismissed Clark's claims with prejudice and entered judgment for the Appellees in 1997. After the district court denied Clark's motion for reconsideration, Clark appealed.  In 1999, this court dismissed his appeal as frivolous and for lack of subject matter jurisdiction and imposed sanctions on Clark, including a sanction to be paid directly to the Appellees.  Through 2002, the district court's docket reflected activity related to the Appellees' garnishment of funds belonging to Clark income to pay this sanction.  Between 2002 and 2010, no documents were filed in the district court.

In 2010, Clark moved the district court to set aside the judgment it entered in 1997, claiming that the district court's judgment should be declared void for a lack of subject matter jurisdiction.  The district court denied this motion and then denied Clark's Rule 59 motion, explaining "it appears that Plaintiff's motivation in attempting to void and/or upset this Court's previous February 21, 1997, judgment is to collaterally attack the imposition of significant sanctions levied by the Fifth Circuit Court of Appeals . . . . This Court cannot and will not interfere with the sanctions imposed by the Fifth Circuit." Clark appeals.  On appeal, Clark realistically raises one issue for our review:

No. 11–30724

whether the district court abused it discretion by denying Clark's Rule 60(b) motion.

This court reviews the district court's denial of Clark's Rule 60(b) motion for an abuse of discretion. *See, e.g.*, *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). Rule 60 (b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Clark asserts that this court should void the district court's 1997 judgment because the district court lacked subject matter jurisdiction to review his complaint. The Appellees respond that Clark should have raised the arguments he raises now in his direct appeal. Construing his pro se brief liberally, Clark raises no argument that entitles him to relief.[1] We AFFIRM and DISMISS his appeal.

---

[1] It appears that Clark's Rule 60(b) motion practically seeks to displace the effects of this court's sanctions order. Despite this court's conclusion that the district court lacked subject matter jurisdiction over his complaint, this court retained the power to impose sanctions for Clark's frivolous conduct. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."). Thus, to the extent Clark attempts to avoid sanctions arising out of the district court's 1997 judgment, his appeal lacks merit.