STONE, J.
| j This action arises out of the Office of Workers’ Compensation Court, District 01E, Ouachita Parish, Judge Brenza Irving Jones presiding. The City of Bastrop appeals the judgment of the workers’ compensation judge which sustained Steven Harris’ peremptory exception , of res judi-cata. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 1, 2001, Steven' Harris (“Harris”) was injured during an accident arising out of and in the course of his employment as a fireman with the City of Bastrop (“Bastrop”).[1] In connection with Harris’ knee injury, Bastrop paid Harris workers’ compensation under total temporary disability and thereafter; supplemental earnings benefits (“SEBs”). Due to the statutory five hundred and twenty (520) week maximum,[2] the benefits terminated on May 31, 2012.[3] On September 8, 2011, Harris filed a Louisiana Department of Labor Form 1008 against Bastrop alleging his workers’ compensation rate was incorrect and he was being underpaid.[4] • Bas-trop answered the suit and filed a recon-ventional demand claiming, among other things, it made SEB payments in excess of 520 weeks and was entitled to recover the overpayment. After considering the evidence and testimony presented at trial, the Workers’ Compensation Judge (‘WCJ”) denied Harris’ claim that he had received insufficient benefits. Instead, the WCJ found Bastrop’s adjuster incorrectly calculated- Harris’ qualified ^monthly payment amount, which resulted in Harris being overpaid $4,368.00[5] in SEBs. Bastrop’s reconventional demand was dismissed.[6]
*165 On January 14, 2015, this court affirmed the WCJ’s ruling. Harris v. City of Bastrop, 49,534 (La.App.2d Cir.1/14/15), 161 So.3d 948. On March 17, 2015, Bastrop filed, in a separate suit, a petition with the Office of Workers’ Compensation seeking recovery of the $4,368.00 overpayment. In response to the petition, Harris filed peremptory exceptions of res judicata and prescription. In support of his exception of res 'judicata, Harris argued Bastrop was obligated to bring its claim for reimbursement in the prior proceedings; however, since it failed to successfully do so, Bas-trop was now precluded from pursuing reimbursement in a separate action.
Bastrop claimed its présent reimbursement cause of action was derived from a different transaction or occurrence — one that did not arise until the WCJ ruled Bastrop overpaid due to an error in how the benefits were calculated. Bastrop averred there was no way it could have known of the miscalculation prior to the WCJ’s ruling,’ and therefore, there was no way it could have previously asserted the claim.
After the hearing on the exceptions, the WCJ granted the peremptory exception of res judicata and dismissed Bastrop’s suit.[7] The WCJ applied La. C.C.P. art. 1061(B) and determined Bastrop’s claim for reimbursement |ashould have been brought during the original litigation. Bastrop now appeals the ruling of the WCJ.
DISCUSSION
Bastrop argues the WCJ erred in granting Harris’ peremptory exception of res judicata and denying Bastrop’s $4,368.00 reimbursement claim. Bastrop argues this cause of action was not available to the parties until January 14, 2015 when this Court upheld the trial court’s ruling. Bas-trop further asserts this action did not arise from the same transaction or occurrence of the initial suit. Accordingly, Bas-trop contends its suit is not precluded by the application of res judicata.
Conversely, Harris asserts the WCJ did not err in granting the peremptory exception of res judicata. He contends his initial suit and Bastrop’s second suit arose from the same transaction or occurrence, specifically the workers’ compensation benefits. Harris maintains if Bastrop believed it had overpaid funds, it was obligated to bring its reimbursement claim as a compulsory reconventional demand in the initial litigation and its failure to properly do so now bars Bastrop from pursuing any reimbursement claim.
The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties. Jones ex rel. Jones v. GEO Group, Inc., 2008-1276 (La.App. 3d Cir.4/1/09), 6 So.3d 1021. The res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. Alpine Meadows, L.C. v. Winkler, 49,490 (La.App.2d Cir.12/10/14), 154 So.3d 747, writ denied, 2015-0292 (La.4/24/15), 169 So.3d 357. The party urging the exception bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled. Eddens v. Exceptional Client Care, LLC, 48,747 (La.App.2d Cir.2/26/14), 135 So.3d 784.
Res judicata ensures the finality of judgments and prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted dr determined in the prior proceeding. *166 Paradise Village Children’s Home, Inc. v. Liggins, 38,926 (La.App.2d Cir.10/13/04); 886. So.2d 562, writ denied, 2005-0118 (La.2/4/05), 893 So.2d 884. This doctrine serves public policy interests by promoting judicial efficiency and fairness between the parties. Wagoner v. Chevron USA, Inc., 48,119 (La.App.2d Cir.7/24/13), 121 So.3d 727, writs denied, 2013-2037 (La.11/15/13), 126 So.3d 470, 2013-2041 (La.11/15/13), 126 So.3d 471, 2013-2466 (La.11/15/13), 126 So.3d 473, and 2013-2272 (La.11/15/13), 129 So.3d 523. It also promotes the final resolution of disputes. Hawthorne v. Couch, 41,603 (La.App.2d Cir.12/20/06), 946 So.2d 288, writ not considered, 2007-0173 (La.3/16/07), 952 So.2d 685.
Under Louisiana’s res judicata statute, if a judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. La. R.S. 13:4231. Moreover, a judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between |5them, with respect to any issue actually litigated and determined if its determination was essential to the judgment. La. R.S, 13:4231. The Louisiana res judicata law encompasses both claim and issue preclusion. Five N Company, L.L.C. v. Stewart, 02-0181 (La.App. 1st Cir.7/2/03), 850 So.2d 51.
In Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, 1052, 1053 the Louisiana Supreme Court established the five prerequisites for a finding of res judicata under the provisions of La. R.S. 13:4231:(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter, of the first litigation.
After applying the Burguieres five-part test to the facts of this case, this court holds Bastrop’s suit for reimbursement is precluded under the principles of res judi-cata. It is indisputable the judgment upon which Bastrop’s res judicata claim is based is valid, final, and the parties are the .same. Accordingly, the first three Burguieres requirements have been satisfied.
The fourth requirement is the cause or causes of action asserted in this case existed at the time of the final judgment of the first litigation. Implicit in this concept is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Ken Lawler Builders, Inc. v. Delaney, 36,865 (La.App. 2 Cir. 3/5/03), 840 So.2d 672, 674. This Court finds this requirement is also satisfied. It was Bastrop’s adjuster who | (¡determined the premium to be disbursed to Harris each month. These amounts were issued through October 1, 2012, all before the judgment in the initial suit became final. Consequently, any claim of reimbursement available to Bastrop existed prior to the judgment becoming final. As noted by the WCJ, the cause of action arose when Bastrop’s adjuster incorrectly calculated the amount of benefits and over-payments were made to Harris based on this miscalculation. Bastrop’s argument that the cause of action arose when the WCJ found the calculation error is not only erroneous, but is almost farcical, to say the least.
Finally, the fifth requirement is likewise 'satisfied. The cause or causes of action asserted in the second action arose out of the transaction or occurrence that was the subject matter of the first litigation. In *167 the “first litigation” Harris alleged the underpayment of benefits. Harris' cause of action stemmed from being injured during an accident that arose out of and in the course of his employment, which resulted in him receiving the benefits. Not only does Bastrop’s second suit arise from this same transaction or occurrence, but also it asserts a cause of action that was originally raised in the first suit, namely the re-conventional demand for reimbursement of overpayment. It is of no consequence that the reconventional demand was subsequently dismissed for procedural reasons. It is merely notable .that the cause of action was available and raised during the first litigation.
Assuming Bastrop’s second suit is based upon a different ground, which this court repudiates, this fact is inconsequential in the application of res judicata. The central inquiry is not whether the second action is based on |7the same cause or causes of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. La. R.S. 13:4231, Official Revision Comment (a). Clearly, Bastrop’s cause of action for reimbursement arises out of Harris’ workers’ compensation claim in the first proceeding. Consequently, Bastrop’s second suit and Harris’ initial suit arise from the same transaction or occurrence.
Although this Court has determined the Burguieres, supra requirements of res ju-dicata are applicable to this proceeding, it is necessary to examine’ the statutory exceptions to res judicata enumerated in La. R.S. 13:4232. La. R.S. 13:4232 provides:
A. A judgment does not bar another action by the plaintiff:
(1)When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
In Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654 (La.1/16/96), 666 So.2d 624 the Louisiana Supreme Court cited as examples of exceptional circumstances found in the Restatement (Second) of Judgments, § 26 (1982), pp. 233-34:(a) where the parties have agreed that the plaintiff may split his claim, or the defendant has acquiesced therein; (b) the court in the first action has expressly reserved the plaintiffs right to maintain the second action; (c) there are restrictions on the subject matter jurisdiction of the courts; (d) the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme; (e) for policy reasons; or (f) it is clearly and convincingly shown that the ^policies favoring preclusion of a second action are overcome for extraordinary reasons. While Terrebonne was decided under federal law, the Louisiana Supreme Court noted in a footnote that the 1991' amendment adding La. R.S. 13:4232, “was also enacted to include similar exceptions ...” Oliver v. Orleans Par. Sch. Bd., 2014-0329 (La.10/31/14), 156 So.3d 596, 611—19, cert. denied, — U.S. -, 135 S.Ct. 2315, 191 L.Ed.2d 979 (2015). We find none of the aforementioned factors present in this case. Furthermore, the . judgment dismissing the first suit was with prejudice and there was no reservation of rights to bring another action.
Accordingly, we find the trial court’s dismissal of Bastrop’s claim on the exception of res judicata to be correct and the judgment is affirmed. In light of this ruling .and because the trial court never *168 ruled on the issue of prescription, we pre-termit any -discussion on this exception.
CONCLUSION
For the foregoing reasons, the ruling of the WCJ is affirmed. The appellant court costs in the amount of $574.36 are to be paid by the City of Bastrop in accord with La. R.S. 13:5112.
AFFIRMED.

. La. R.S. 23:1031

. La. R.S. 23:1221

. Bastrop asserts SEBs were paid through May 31, 2012. Harris asserts SEBs were • paid through October 1, 2012.

. Harris also alleged to be permanently and totally disabled and made a claim for penalties and attorney’s fees.

. The court also denied Harris’ claim for total and permanent disability.

.Bastrop failed to obtain court approval to : file the reconventional demand and therefore the filing was deemed an absolute nullity and was dismissed by the trial court. It should also be noted that Bastrop's reconventional demand for overpayment was based on its allegation (which Bastrop subsequently admitted was incorrect) that the overpayment was a result of Bastrop making payments in excess of the statutory 520 weeks.

. The WCJ did not render a ruling as to the peremptory exception of prescription.