BLEICH, J. (Pro Tempore)
Plaintiffs, Priority Nurse Staffing, Inc. d/b/a Priority Medical Staffing, and Del Pumphrey, have appealed from the trial court's judgment April 12, 2018, judgment in favor of Defendants, Suresh and Dhana Donepudi, which granted an exception of res judicata filed by them and dismissed with prejudice all of Plaintiffs' claims against the Donepudi defendants. For the reasons set forth below, we affirm.
FACTS/PROCEDURAL HISTORY
In July 2014, Del Pumphrey ("Pumphrey"), the president and owner of Priority Nurse Staffing, Inc., d/b/a/ Priority Medical Staffing ("Priority"), was contacted by Dr. Suresh Donepudi, who asked for help in trying to save Dr. Donepudi's psychiatric hospital, DeSoto Behavioral Hospital ("DeSoto Behavioral"), which was rapidly losing patients and governmental funding for the patients. Dr. Donepudi's company, Tanshi, LLC, was the owner and operator of DeSoto Behavioral.
At a meeting on July 17, 2014, in Pumphrey's office, Dr. Donepudi hired Priority and Pumphrey to take over the management and supervision of DeSoto Behavioral. According to Pumphrey, Dr. Donepudi verbally guaranteed that he would be responsible for all of the fees, charges, and expenses incurred by Priority and Pumphrey *1180 for the services they rendered on behalf of DeSoto Behavioral.
Over the next six to seven weeks, Priority and Pumphrey took over the management and operation of DeSoto Behavioral, which included hiring a new hospital administrator and staffing the hospital with nursing personnel. Priority and Pumphrey increased the number of patients from one to 13 and stabilized the hospital's financial situation. In early September 2014, when the invoices of Priority and Pumphrey were not being paid by either Tanshi or Dr. Donepudi, Pumphrey and Priority terminated their affiliation with DeSoto Behavioral and refused to provide any further services to Dr. Donepudi and Tanshi.
On July 6, 2015, Plaintiffs, Priority and Pumphrey, filed a petition against Tanshi and Dr. and Mrs. Donepudi. Priority asserted a claim against Tanshi for nurse staffing fees, and against Dr. Donepudi and his wife Dhana for nurse management services. Pumphrey filed individual claims against the Donepudis for management fees and reimbursement of amounts paid on a Toyota lease agreement.
Thereafter, on May 19, 2017, Plaintiffs filed their first amended and supplemental petition in which they added a claim that Dr. Donepudi verbally guaranteed the payment of nurse staffing fees and was therefore personally liable for those fees. They also asserted that Dr. Donepudi personally guaranteed the payment of the Toyota lease agreement and was therefore personally liable for those payments as well.
On July 26, 2017, the Donepudis filed a motion for partial summary judgment on the claims asserted against them. In their motion, the Donepudis asserted that they were not liable for the debts, if any, of Tanshi. Specifically, they urged that Louisiana law does not recognize the existence of "personal guarantee" agreements that would serve to bind the individual defendants personally to the obligations of Tanshi.
On November 13, 2017, a hearing was held on Defendants' motion, and the trial court rendered judgment in open court in favor of the Donepudis. The judgment, the form and content of which was approved by Plaintiffs, was signed by the trial court on November 27, 2017, and reads as follows:
IT IS HEREBY ORDERED, ADJUGED, AND DECREED that the Motion for Partial Summary Judgment filed on behalf of SURESH DONEPUDI and DHANA DONEPUDI, is GRANTED, and the claims of the Plaintiffs, PRIORITY NURSE STAFFING, INC. d/b/a PRIORITY MEDICAL STAFFING, and DEL PUMPHREY, individually, as set forth in the Petition and First Amended Supplemental Petition, against Defendants, SURESH DONEPUDI and DHANA DONEPUDI, are hereby DISMISSED, WITH PREJUDICE, at the cost of Plaintiffs.
The claims of PRIORITY NURSE STAFFING, INC. d/b/a PRIORITY MEDICAL STAFFING and DEL PUMPHREY, individually against all other defendants are hereby reserved unto them.
Plaintiffs did not appeal from this adverse judgment of the trial court. Instead, on November 22, 2017, Plaintiffs filed their second amended and supplemental petition in which they reasserted all of their claims against the Donepudis from the first two petitions and further alleged that the Donepudis had committed fraud due to their failure to disclose the excluded person status of Dr. Donepudi; that Plaintiffs had detrimentally relied upon representations made by Dr. Donepudi as to his prohibited status vis-à-vis the federal health care programs and his promises to pay their invoices, *1181 fees and expenses; and, that the Donepudis had been unjustly enriched at the expense of Plaintiffs.
On December 19, 2017, the Donepudis filed exceptions of vagueness, res judicata , no cause of action, and prescription. According to the Donepudis, the new alternative theories of recovery asserted by Plaintiffs were barred by res judicata because the November 2017 judgment dismissing Plaintiffs' claims against them, with prejudice, is a valid, final judgment; the parties are the same; the new causes of action clearly existed at the time of the November 2017 judgment; and, the causes of action asserted in the amended petition, which are quasi-delictual theories of recovery, arose out of the transaction or occurrence that was the subject matter of the first judgment. The Donepudis also argued that the new quasi-delictual claims by Plaintiffs were prescribed on their face as they arose out of alleged conduct that occurred in 2014.
A hearing on the exceptions was held on April 2, 2018. Following arguments of counsel, the trial court granted the Donepudis' exception of res judicata , and decreed to be moot their exceptions of vagueness, no cause of action, and prescription. The court observed:
The two individuals were dismissed completely from the lawsuit. The only remaining claims were against Tanshi. The judgment was final.... There is nothing to amend because, as you stated correctly, your clients had been, your clients had been dismissed. Whether or not this was the same transaction or occurrence, the factual scenario that brought rise to the contract claims that were listed, it's the same transaction or occurrence. There's a ton of case law that says if you could have brought it, you should have brought it.
The trial court also found that the situation did not present an exceptional circumstance sufficient to justify relief from res judicata . A judgment granting the exception of res judicata filed by the Donepudis and dismissing Plaintiffs' claims against them as set forth in the second amended and supplemental petition was signed by the trial court on April 12, 2018. It is from this judgment that Plaintiffs have appealed.
DISCUSSION
According to Plaintiffs, the trial court erred in rendering judgment in favor of the Donepudis dismissing all of Plaintiffs' claims against them based upon the court's determination that the doctrine of res judicata precluded the claims. Plaintiffs contend that a comparison between the claims asserted against the Donepudis in their original and first amended petitions with the claims in the second amended and supplemental petition shows that the causes of action in the second amended petition do not arise out of the same transaction or occurrence that was the subject matter of the original and first amended petitions.
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation *1182 are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under La. R.S. 13:4231, a second action is precluded when the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first suit; and (5) the cause or causes of action in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation. Chauvin v. Exxon Mobil Corp. , 14-0808 (La. 12/09/14), 158 So.3d 761 ; Burguieres v. Pollingue , 02-1385 (La. 02/25/03), 843 So.2d 1049 ; Alpine Meadows, L.C. v. Winkler , 49,490 (La. App. 2 Cir. 12/10/14), 154 So.3d 747, writ denied , 15-0292 (La. 04/24/15), 169 So.3d 357. Whether the cause or causes of action asserted in the second suit arose out of the same transaction or occurrence which was the subject matter of the first suit is the chief inquiry. Burguieres, supra ; Terrebonne Fuel & Lube, Inc. v. Placid Refining Co. , 95-0654 (La. 01/16/96), 666 So.2d 624 ; Alpine Meadows, L.C., supra .
Res judicata ensures the finality of judgments and prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. City of Bastrop v. Harris , 50,727 (La. App. 2 Cir. 06/22/16), 198 So.3d 163 ; Paradise Village Children's Home, Inc. v. Liggins , 38,926 (La. App. 2 Cir. 10/13/04), 886 So.2d 562, writ denied , 05-0118 (La. 02/04/05), 893 So.2d 884. Res judicata forecloses both the relitigation of matters that have not been litigated but should have been raised in the earlier suit (claim preclusion) and matters previously litigated and decided (issue preclusion). Alpine Meadows, L.C., supra ; Hudson v. City of Bossier , 33,620 (La. App. 2 Cir. 08/25/00), 766 So.2d 738, writ denied , 00-2687 (La. 11/27/00), 775 So.2d 450. The res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. City of Bastrop, supra ; Alpine Meadows, L.C., supra .
Regarding the first and second requirements for res judicata , that there be a valid and final judgment, the November 13, 2017, judgment of the trial court disposed of a motion for partial summary judgment filed by the Donepudis. In that November 2017 judgment, the trial court granted the motion and dismissed Plaintiffs' claims against the Donepudis with prejudice , reserving unto Plaintiffs their claims against "all other defendants." This is a valid and final judgment on the merits, since it dismissed Plaintiffs' claims against these defendants with prejudice, and Plaintiffs sought no further review of this judgment, but instead chose to file a second amended and supplemental petition against the dismissed Defendants.[1] See, La. C.C.P. art. 1673 ; Tolis v. Board of Supervisors of Louisiana State University , 95-1529 (La. 10/16/95), 660 So.2d 1206 ; Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch , 14-1020 (La. App. 4 Cir. 03/18/15), 163 So.3d 201, writ denied , 15-0779 (La. 06/01/15), 171 So.3d 931 ; Stogner v. Allbritton , 06-1863 (La. App. 1 Cir. 06/08/07), 965 So.2d 408. Requirement *1183 three, that the parties are the same, is met as well. Plaintiffs have likewise not disputed the existence of requirement four, that the cause or causes of action asserted in the second amended and supplemental petition existed at the time of the November 2017 final judgment. In support of their allegedly new claims of fraud, detrimental reliance and unjust enrichment, Plaintiffs asserted that:
At the time the Defendants contacted the Plaintiffs and engaged the services of the Plaintiffs to administer, manage and staff the DeSoto Behavioral Hospital in early July 2014, the Plaintiffs were completely unaware of the fact that Dr. Donepudi had been designated an excluded person, as of October 20, 2011, by the Office of Inspector General ("OIG") of the U.S. Department of Health & Human Services.
While Plaintiffs may not have been aware of Dr. Donepudi's excluded status and the existence of the OIG report in July 2014, they became aware of both this excluded status and the report's existence in August 2014, as evidenced by daily entries in a log kept by Pumphrey, which were disclosed during discovery to Defendants and then included as an attachment to Plaintiffs' opposition to Defendants' motion for partial summary judgment.
Plaintiffs contend that the trial court erred in finding that Defendants established the final requirement for res judicata , that the cause or cause of action asserted in the second action arose out of the transaction or occurrence that was the subject matter of the first litigation. We disagree.
The transaction or occurrence that is the subject matter of the litigation between Plaintiffs and Defendants is their agreement that Plaintiff Priority Nurse Staffing would administer, manage and staff DeSoto Behavioral and Defendant Tanshi would compensate Plaintiffs for said services. All of Plaintiffs' claims against the Donepudis, including those asserted for the first time in their second amended and supplemental petition, allege personal liability on the part of the Donepudis for the debts incurred under the above-mentioned agreement by Defendant Tanshi. Regardless of the theory (i.e., suretyship or a personal guaranty, fraud, detrimental reliance, or unjust enrichment) under which Plaintiffs seek the imposition of personal liability upon the Donepudis for Tanshi's failure to fulfill its contractual obligations, or the evidence upon which the theory of recovery is based, the fact remains that these claims all arise out of the subject matter of the first litigation. See, Alpine Meadows, L.C., supra ; Board of Supervisors of Louisiana State University, Agricultural and Mechanical College v. DixieBrewing Co. , 13-0250 (La. App. 4 Cir. 12/04/13), 131 So.3d 130, writ denied , 14-0007 (La. 02/12/14), 132 So.3d 399 ; Bulot v. Intracoastal Tubular Services, Inc. , 04-0398 (La. App. 4 Cir. 09/29/04), 883 So.2d 1146, writ denied , 04-2971 (La. 03/18/05), 896 So.2d 1003. As noted by Plaintiffs in their brief, the specific issue of the Donepudis' personal liability for Tanshi was addressed and rejected by the trial court in its November 2017 judgment on Defendants' motion for partial summary judgment.
Seeking to avoid a dismissal of their claims against the Donepudis, Plaintiffs argue that exceptional circumstances exist that justify a relief from the application of res judicata in this case. La. R.S. 13:4232(A)(1) provides that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. Citing Kevin Associates, LLC v. Crawford , 04-2227 (La. App. 1 Cir. 11/04/05), 917 So.2d 544, writ denied , 06-0220 (La. 05/05/06), 927 So.2d 311, the Louisiana Supreme Court in Oleszkowicz v. Exxon Mobil Oil Corp. , 14-0256 (La. 12/09/14), 156 So.3d 645, 648, observed that *1184 the "exceptional circumstances" exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, factual situations that could not be anticipated by the parties, or decisions that are totally beyond the control of the parties. There are no such exceptional circumstances in this case. The allegations in Plaintiffs' second supplemental and amending petition could have been pled sooner, or Plaintiffs could have sought inclusion of a reservation of rights to bring further claims against the Donepudis in the November 2017 judgment.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs of this appeal are assessed to Plaintiffs, Priority Nurse Staffing, Inc. d/b/a Priority Medical Staffing and Del Pumphrey, Individually.
AFFIRMED.

Neither party has disputed the validity of the judgment. As noted by the supreme court in Burguieres , 843 So.2d at 1053, for purposes of res judicata , a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given.