Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,197-CA
No. 53,198-CA
No. 53,199-CA
No. 53,200-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 53,197-CA

STATE OF LOUISIANA
DEPARTMENT OF
TRANSPORTATION &
DEVELOPMENT
                Plaintiff-Appellee

versus

LARRY E. CLARK, ET UX
                Defendant-Appellant

No. 53,198-CA

STATE OF LOUISIANA
DEPARTMENT OF
TRANSPORTATION &
DEVELOPMENT
                Plaintiff-Appellee

versus

LARRY E. CLARK, ET UX
                Defendant-Appellant

No. 53,199-CA

STATE OF LOUISIANA
DEPARTMENT OF
TRANSPORTATION &
DEVELOPMENT
                Plaintiff-Appellee

versus

LARRY E. CLARK, ET UX
                Defendant-Appellant

No. 53,200-CA

L & M HAIR CARE PRODUCTS,
INC.
                Plaintiff-Appellant

versus

STATE OF LOUISIANA
DEPARTMENT OF
TRANSPORTATION &
DEVELOPMENT
                Defendant-Appellee

* * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court Nos. 325511, 325512, 328772 and 363679

Honorable Ramon Lafitte, Judge

* * * * *

LARRY E. CLARK                                    Appellant
                                                  In Proper Person


CHARLES DAVID McBRIDE                             Counsel for Appellee
ANDREW GATES BARRY
TERRENCE J. DONAHUE, JR.


* * * * *

Before STEPHENS, McCALLUM, and THOMPSON, JJ.

**McCALLUM, J.**

In 1986, Ronald Reagan was President of the United States, Margaret Thatcher was Prime Minister of the United Kingdom, the Berlin Wall separated East Berlin from West Berlin, rotary dial telephones were still in common usage, and the State of Louisiana, through the Department of Transportation and Development, began expropriation proceedings against Larry E. Clark and his wife as the owners of three lots of land in Shreveport, Louisiana, needed for construction of I-49. President Reagan and Prime Minister Thatcher have passed away, the Berlin Wall has long since fallen, and rotary dial telephones are extinct as practical options for communication. However, the litigation born of the State's expropriation of the Clarks' property lives on.

Before us is a pro se appeal by Larry E. Clark and his wife (hereinafter collectively referred to as "Clark"), challenging three judgments. The appellee is the State of Louisiana, through the Department of Transportation and Development ("the State"). Clark and their corporation, L & M Hair Care Products, Inc. ("L&M"), are seeking nullification of a previous joint stipulation agreement and judgments dating back to the distant origins of this matter. Clark argues that the trial court erred when it granted a peremptory exception of res judicata and dismissed the petitions to nullify. Clark argues that the court thereafter erred in denying a motion for new trial. Clark finally argues that the court erred when it denied relief in relation to Clark's ex parte motion. In that ex parte motion, Clark asked the trial court to order the State to refile and start afresh the expropriations. As detailed below, Clark asks this Court to reverse the trial court, nullify the joint stipulation agreement, and allow continued

progress to attempt to nullify and overturn the sundry decisions made during the preceding three decades.

We note that Clark has filed his brief pro se. One of the consolidated cases in this matter, however, involves L&M, not Clark. Although we have concerns as to the legal capacity of Clark to represent or argue on behalf of L&M, we will liberally construe the Clark briefs and appeals. Therefore, we will address all issues regarding Clark and L&M, including the constitutional and federal civil rights arguments made by Clark. For the reasons given below, we affirm the trial court on all issues.

## HISTORY

This case has its origins in three separate expropriation proceedings commenced by the State of Louisiana nearly three and a half decades ago. In 1986, the State sought to expropriate land from Clark for the construction of I-49. The three suits were consolidated and set for trial. Prior to trial, Clark and the State entered into a joint stipulated agreement. That agreement resolved the issue regarding the taking of the three lots of land and preserved only one issue for trial, the amount of compensation for the relocation and loss of the uniqueness of the L&M location. L&M was a lessee of a building that existed on the property.

The trial court found that Clark was entitled to compensation for the loss. The trial court awarded Clark an additional $191,781.00 above the stipulated agreement, plus other costs. It signed a judgment in accordance with its ruling.

The State appealed that decision. This Court found in favor of the State, reduced the total award, and reversed the portion of the award related to L&M. This Court held that because L&M was not a party to the suit, the

2

award for costs and losses associated with L&M was improper. Subsequently, L&M filed separately to recover its damages.

In that succeeding suit, the trial court awarded L&M the same amount as it had in the previous ruling that had been reversed by this Court. The State again appealed. However, before it was submitted, L&M and the State reached an agreement to vacate the trial court ruling, withdraw the appeal and remand the case to the trial court to reconsider the issue anew. This Court allowed the agreement, rescinded the judgment and remanded.

Thereafter, L&M amended its petition to include new allegations and claims against the State. For the new claims, the State filed an exception of res judicata. The trial court ruled in favor of the State, dismissed the new claims, and set the remaining, original issue for trial. Prior to trial, Clark directed counsel for L&M not to comply with the trial court's order to file a pretrial order.

On the day of the trial, Clark maintained his directive to his lawyers. With no pretrial order filed, Clark's refusal to move forward with the trial, and after multiple warnings given by the judge, the trial court dismissed all of L&M's claims with prejudice. We note that Clark even stated that he was okay with the trial court dismissing his claims. On appeal, this Court affirmed the trial court. L&M did not appeal that opinion.

Clark and L&M then started filing multiple suits, as detailed below, in various state and federal courts. Those decisions ultimately led to a clear and lengthy history of adverse outcomes for Clark and L&M. Those cases reinforce our position that the trial court was correct in determining that res judicata precludes Clark and L&M's attempt to nullify the joint stipulations and previous court rulings and opinions.

3

**DISCUSSION**

Res judicata, taken from Latin, means "a matter judged." At the heart of the doctrine of res judicata are the desirable ideals of finality of judgment and stability of law. A surplus benefit to res judicata is judicial economy. It is necessary to safeguard the public's confidence in the legal system as well as to guarantee the efficient use of judicial resources. Res judicata allows the public the ability to make future plans and take actions based on the final judgments made by courts. By ensuring that matters that have already been adjudicated are final and resolved, res judicata shields litigants from the court system being used as a vehicle of harassment through the costs and vexation of multiple lawsuits. See *Allen v McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411 (1980). It further safeguards the court system from a burdensome depletion of resources that would be caused by the proliferation of frivolous lawsuits that have already been adjudicated to finality.

Some incorrectly argue that res judicata is extreme, in that it deprives a litigant of their day in court. Such an argument could not be further from the truth. "Res judicata forecloses both the litigation of matters that have not been litigated but should have been raised in the earlier suit (claim preclusion) and matters previously litigated and decided (issue preclusion)." *Priority Nurse Staffing, Inc. v. Tanshi, LLC*, 52,463 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1177, 1182; *Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14), 154 So.3d 747, *writ denied*, 2015-0292 (La. 04/24/15), 169 So. 3d 357. Therefore, at the heart of res judicata is the principle that the litigant involved either failed to properly raise a now precluded issue in the first lawsuit or the litigant in fact had a full trial, yet

4

an undesirable outcome. Thus, res judicata starts with the premise that the litigant, in fact, has already had his or her day in court.

It must be remembered that res judicata is designed to preclude subsequent, redundant litigation. If we allow parties to litigate a second time that which is already final merely because of their failure in previous suits or their aversion for prior outcomes of the same issues, we would be endorsing the idea that final judgments are meaningless. See Peter Wilbert Arbour, *The Louisiana Concept of Res Judicata*, 34 La. L. Rev. 763 (1974).

"The res judicata effect of a prior judgment is a question of law that is reviewed *de novo* on appeal." *Priority Nurse Staffing, Inc.,* 265 So. 3d at 1182; *City of Bastrop v. Harris*, 50,727 (La. App. 2d Cir. 6/22/16), 198 So. 3d 163. The scales of justice are weighted heavily against the appellants in the case before us. Not including the countless state and federal district courts that have tried and decided matters connected with the issues presented before us now, Clark sought and received previous appellate opinions in eleven different proceedings. Those decisions include opinions and considerations from several different courts including the Supreme Court of the United States, the Louisiana Supreme Court, the United States Court of Appeals, Fifth Circuit, the Louisiana Court of Appeal, First Circuit, and this Court.

In 1989, this Court heard its first appeal of this matter. See *State, Dept. of Transp. & Dev. v. Clark*, 548 So. 2d 365 (La. App. 2 Cir. 7/23/89), *writ denied*, 552 So. 2d 395 (La. 1989). At issue was the state's appeal of the trial court's award in excess of the stipulated value of the property. *Id.* This Court reversed the trial court's award, limiting it to the stipulated value. *Id.* It further distinguished the rights of Clark as separate from the rights of

L&M. *Id.* It reversed the trial court's award of any damages associated with L&M because it was not a party to the suit. *Id.* The Louisiana Supreme Court denied writs.

In 1993, this Court heard its second appeal of this matter. See *L & M Hair Care Products, Inc. v. State, Dept. of Transp. & Dev.*, 622 So. 2d 1194 (La. App. 2 Cir. 7/18/93), *writ denied*, 629 So. 2d 1126 (La. 1993). At issue was an appeal by the State of the trial court's denial of its exception of prescription against L&M. *Id.* In that matter, L&M had now asserted its separate action and the state filed an exception based on L&M's cause of action being prescribed. *Id.* The trial court denied the exception and this Court affirmed. *Id.* The Louisiana Supreme Court denied writs.

In 1997, this Court heard its third appeal of this matter. See *L & M Hair Products, Inc. v. State, Dept. of Transp. & Dev.*, 29,998 (La. App. 2 Cir. 12/10/97), 704 So. 2d 415. At issue was L&M's appeal of the trial court's dismissal with prejudice of all L&M and Clark claims. *Id.* Clark, as both intervenor and as the president of L&M, refused to allow his and L&M's attorneys to file pretrial orders, despite the trial court's direction to do so. *Id.* Clark further refused to participate in the trial scheduled to commence that day. *Id.* The trial court dismissed all the claims with prejudice. *Id.* This Court affirmed the trial court's decision. *Id.* Neither Clark nor L&M appealed that decision, making it a final judgment.

In February of 1999, this Court heard its fourth appeal regarding issues related to this matter. See *Clark v. Mangham, Hardy, Rolfs & Abadie*, 30,471 (La. App. 2 Cir. 2/24/99), 733 So. 2d 43. At issue was an appeal by Clark and L&M of the trial court sustaining an exception of no cause of action filed by the defendant law firm. *Id.* Clark and L&M had sued their

previous law firm for malpractice. *Id.* They had also filed a motion to recuse the trial judge, which another judge of the district court denied. *Id.* This Court affirmed the trial court on all issues. *Id.* Clark and L&M did not apply for writs.

In June of 1999, the United States Court of Appeals, Fifth Circuit, heard its first appeal related to this matter. See *Clark v. Louisiana ex. rel. La. Dept. of Transp. & Dev.*, 184 F. 3d 816 (5th Cir. 1999). In the United States District Court for the Western District of Louisiana, Clark and L&M had filed suit against the State and numerous state and local officials. *Id.* On appeal, in an unpublished opinion, the Fifth Circuit Court of Appeals found that it lacked appellate jurisdiction because the record showed that no federal judgment had been entered in the case at the district court. *Id.* The appellate court further cautioned Clark that any additional appeals filed would invite the imposition of sanctions. *Id.*

Clark did not heed the warnings of the federal appellate court. Later in June of 1999, the United States Court of Appeals, Fifth Circuit, in an unpublished dismissal without opinion, dismissed another appeal by Clark. See *Clark v. Pena*, 189 F. 3d 467 (5th Cir. 1999). That appeal was in relation to a separate federal suit by Clark and L&M against Federico Pena, the United States Secretary of Transportation. *Id.* Thereafter, but related to the dismissal by the federal appellate court, in August of 1999, the federal appellate court issued an unreported order citing its assessment of sanctions against Clark. See *Clark v. Pena*, 1999 WL 34844548 (5th Cir. 1999). It approved and imposed $13,025.20 in sanctions against Clark. *Id.*

In 2008, the Court of Appeal of Louisiana, First Circuit, heard its first appeal related to this matter. See *Clark v. La. Dept. of Transp. & Dev.*,

2007-1364 (La. App. 1 Cir. 5/2/08), 2008 WL 2065248, *writ denied*, 2008-1549 (La. 10/10/08), 993 So. 2d 1286. That appeal and the subsequent, unpublished opinion by the court is one of which we take particular note. At issue were the same issues that now sit before us. *Id.* After recounting the numerous, preceding opinions by this Court and the rulings and judgments of the First Judicial District Court in Caddo Parish, the court detailed the heart of the case before it as follows:

> Thereafter, the Clarks and L & M filed several lawsuits in state and federal court seeking additional compensation and damages as a result of the expropriation that occurred in 1986. Among the suits filed is the current matter, which was filed as a petition for a writ of mandamus in the Nineteenth Judicial District Court in East Baton Rouge Parish on March 8, 1996. In the petition, L & M named DOTD, its secretary, and its real estate administrator as defendants. L & M later amended its petition to add defendants and to seek additional relief, *including nullification of the expropriation judgments and judgments rendered in other suits filed by the Clarks and L & M in state and federal courts.* Herein, the trial court, by judgments rendered on October 31, 2005 and September 11, 2006, dismissed all of L & M's claims. It is from these two judgments that L & M now appeals.

*Id.* at 2 (emphasis added). The trial court had found no basis for nullification of the prior stipulated agreement and it found res judicata precluded the issues before it. *Id.*

The First Circuit affirmed the trial court. *Id.* First, the court found no valid claim for absolute nullity. *Id.* It held that the pleadings did not support any ground for a vice to nullify the stipulated agreement. *Id.* Second, the court found no reason to overturn the trial court's application of res judicata. *Id.* We liberally quote from the opinion of the First Circuit:

> The objection of res judicata raised by peremptory exception is ordinarily based upon a final judgment between the parties; however, when parties put an end to a lawsuit by adjusting their differences and entering into a written transaction or compromise, that written instrument has the effect of a thing

8

adjudged between the parties.  As the Joint Stipulation constitutes such an agreement, the document is properly held to bar any subsequent litigation as to the parties and the matters addressed therein.  Although L & M was not a party to the litigation that provoked the creation of the Joint Stipulation, it nevertheless, as quoted above, was a party to the Joint Stipulation and as a consequence, L & M is bound by the effects of that agreement, including the effect of res judicata.

…

As for the additional claims of alleged federal civil rights violations raised by L & M in the instant matter, the record reveals that these claims have also been previously considered and adjudged in the U.S. District Court for the Western District of Louisiana, under Civil Action Number 98-1753.

…

Hence, it is clear that L & M's claims of federal civil rights violations have not only been previously presented, but have also been considered and adjudged.

…

Considering that L & M had an opportunity to present its separate claims for compensation and damages relative to the expropriation proceedings and had even previously recovered a judgment in its favor on its claims for relocation costs, on our review of the record before us, we find that no exceptional circumstances exist that would warrant granting L & M relief from the res judicata effect of prior judgments addressing the same issues raised in this lawsuit.

Accordingly, we affirm the judgments appealed.

*Id.* at 6-8.  The Louisiana Supreme Court subsequently denied writs.

In 2012, the United States Court of Appeals, Fifth Circuit, heard yet another matter related to the instant litigation.  See *Clark v. Pena*, 471 Fed. Appx. 398 (5th Cir. 2012).  In an unpublished opinion, the court denied Clark's attempt to declare void previous decisions by the federal district court and its own imposition of sanctions.  *Id.*  The court liberally construed Clark's pro se brief and denied any relief.  *Id.*  We note that those sanctions were related to multiple, frivolous appeals related to the same issues as the case now before us.

In 2013, the Court of Appeal of Louisiana, First Circuit heard its second appeal in this matter.  See *Clark v. State, Dept. of Transp. & Dev.*,

2013-0371 (La. App. 1 Cir. 11/8/2013), 2013 WL 5972214, *writ denied*, 2014-0814 (La. 6/13/14), 140 So. 3d 1191, *cert denied*, 135 S. Ct. 713 (2014). At issue were the same issues before it previously, which we note are the same issues now before us. Clark sought the nullification of all previous state and federal decisions against them and L&M. *Id.* In short order, the First Circuit affirmed the trial court in an unpublished opinion and found the following:

> Our review of the record before us confirms these findings of the United States Fifth Circuit that the prior federal judgments were not only valid, but serve to bar further litigation based on res judicata.
>
> In regards to the state court proceedings, we likewise find that Mr. Clark is seeking the same relief that was previously rejected by the trial court in this matter and affirmed by our court on appeal. Thus, considering the record before us, the state law of res judicata as provided in La. R.S. 13:4231, and jurisprudence interpreting the same, we find no error of law or abuse of discretion by the trial court. Accordingly, we affirm the trial court's judgment by summary disposition[.][1]

*Id.* at 3-4. We note that not only did the Louisiana Supreme Court deny writs, the Supreme Court of the United States denied Clark's writ of certiorari.

In review of the law and jurisprudence relating to res judicata and in consideration of the lengthy procedural and case history of Clark and L&M before this Court and several other state and federal appellate courts, we find appellant's arguments to be without merit. It is clear from the record that the issues before us now have previously been adjudicated to finality.

---

[1] In its previous 2008 opinion, the First Circuit explained that "[b]ecause L & M's petition in docket number 363,679[, the docket number from the original L&M petition in Caddo Parish,] was filed before January 1, 1991, the preclusive effect of the judgments in that suit is governed by the pre-revision law of res judicata." *Clark,* 2008 WL 2065248 at 5.

10

Additionally, multiple state and federal courts have already held that res judicata precludes relitigation of the same issues.

The joint stipulations and agreements entered into by Clark and the State preclude the appellants from litigating the matters before us. Clark and L&M were party to and joined in the stipulated agreement that they now wish to have nullified. In our review of the record and the lengthy history of this case we have found no vice or reason to nullify the agreements. The agreements resolved the issues with regard to the expropriation of the three lots of land and they were made final over thirty years ago. Therefore, res judicata precludes Clark from litigating again those matters.

Furthermore, res judicata attaches and bars the petitions for nullity on their face because several other appellate courts have already found and decided such. Based on those previous decisions alone, res judicata attaches and precludes the petitions. Therefore, res judicata not only attached to preclude Clark from further litigation based on the stipulated agreements, it also attached when the other state and federal appellate courts resolved the issue earlier.

Additionally, the federal rights issues asserted by Clark and L&M have no merit and are further barred by res judicata. It is clear that the previous federal district and appellate court decisions have completely resolved those issues, precluding Clark from further litigation of them.

Finally, we observe that the record unequivocally shows that Clark and L&M are again attempting to retry that which has already been adjudicated and which has already been dismissed through previous, nearly identical res judicata opinions. Clark has, on multiple occasions, in front of multiple courts, stated that he simply dislikes the previous outcomes and

wishes to retry the exact same issues.  Clark and L&M, without any doubt, have clearly had their day in court and have no meritorious grievance left with the issues at hand.

We hold that res judicata applies to preclude Clark's petition for nullification.  We further find no merits to reverse the trial court's denial of Clark's motion for retrial.  Clark presented neither new law or evidence nor any compelling reason for a new trial.  We also find that Clark's ex parte motion for relief, wherein Clark sought an order to force the State to amend and file afresh all expropriation suits and deposit money into the court's registry, has no merit.  The trial court was correct in denying all relief as to that motion.  Therefore, we affirm the trial court in whole, on all issues presented.

## CONCLUSION

The judgment of the trial court is AFFIRMED. All costs of this appeal are assigned to the appellant.